Battle, J.
 

 The only question presented in this case, is, whether there was any testimony to be submitted to the j nry upon the prayer of the defendant, for an instruction that, “ if the plaintiff assented to, or approved of, the building of the fire” at the ¡Race mentioned by the witnesses,, the defendant’s intestate would not be liable.” if there were any such testimony, it was error, in the Judge, not to have left it to be weighed by the jury, but if there were none, then, he was right in so deciding. It is often a difficult question to determine whether there is, or is not, any evidence tending to establish a fact, which it is necessary for one of the parties to prove. That difficulty was felt and expressed by this Court in the cases of
 
 Cobb
 
 v. Fogleman, 1 Ire. Rep. 140;
 
 State
 
 v. Revels, Busb. Rep. 200, and
 
 Sutton
 
 v.
 
 Madre,
 
 2 Jones’ Rep. 320. Circumstances, which merely raise a conjecture of a fact, ought not to be submitted alone to the jury as proving, or tending to prove, that fact, but, if they be such as to raise more than a mere conjecture, the Judge cannot pronounce upon their sufficiency to establish the fact, but must leave them to be weighed by the jury, whose exclusive-province it is to decide upon the effect of the testimony. In the present case, the plaintiff had shown enough to fix the defendant’s intestate with negligence, so that the burden was thrown upon the defendant to release his intestate from liability by proof, either positive, or circumstantial, that the plaintiff
 
 “
 
 had assented to, or approved of,” the act which was alleged to be culpable neglect. Upon a careful examination of the testimony, we think that there were some circumstances, testified to by some of the witnesses, which tended to show this assent or approval. We allude to that part of the testimony which proved that the fire was built by the intestate in the same place in which the plaintiff, or his hands, had made it and renewed it from time to time, for several weeks before, and that after the house was burnt, the plaintiff said it was an accident, and
 
 *133
 
 that he did not blame the 'intestate. It is true, that -one witness stated, that about three weeks before the house was hurnt, 'he heard the plaintiff say to the intestate, that he thought the fire was too near the house ; but, at most, that was only-evidence in opposition to that of the other witnesses, who testified that the plaintiff never objected to the fire being made at the place designated, and .could not prevent the latter testimony, if it were otherwise proper, from being submitted to the consideration of the jury. "Whether it was sufficient to establish the fact contended for by the defendant, it is not for us to say ; but, thinking as we do, that it was
 
 some
 
 evidence, tending to the establishment of that fact, we are bound to declare that the presiding Judge erred in holding that-it was not so, and on that account refusing to permit it to go before the jury. The judgment must be reversed, and a
 
 venire denovo
 
 awarded.
 

 Pee CueiaM, Judgment reversed.