## McCully *versus* Clarke & Thaw.

*Negligence generally a Question of Fact for the Jury.— When a Question of Law.—Burthen of Proof on Plaintiff.—Concurrent Negligence, effect of.*

1. In an action on the case for damages against defendants, for negligence in not caring for and extinguishing a pile of coal which had taken fire, whereby the warehouse of the plaintiff adjoining with its contents was burned up and destroyed, the proper subject of inquiry is, whether the defendants had used such care, caution, and diligence, as prudent and reasonable men would have exercised; and it is a question for the jury.

2. Hence, it was not error in the court below to refuse to instruct the jury, that if they believed certain facts to be proved, of which evidence had been given, the defendants were guilty of negligence as a matter of law, and that the plaintiff was entitled to recover.

3. If the loss resulted from mutual negligence, the plaintiff could not recover, and this was also a question for the jury; therefore, where the evidence was conflicting, the court could not charge, that there was no such negligence on the part of the plaintiff as would prevent his recovery.

4. In actions for negligence the burden of proof is on the plaintiff; the law will not presume it for him; hence it was not error to refuse to affirm the plaintiff's point, that certain facts therein enumerated, though not constituting negligence in law, threw upon the defendants the burden of proof, and that the jury must be satisfied that the fire could not have been extinguished in a designated time, or the plaintiff would be entitled to a verdict; for, whether there was negligence on the part of the defendants or concurring negligence in the plaintiff, was for the decision of the jury, while the point, if affirmed, might have given the plaintiff a verdict, though his own negligence had concurred in causing the loss.

ERROR to the District Court of *Allegheny county.*

This was an action on the case, brought in the District Court to July Term 1859, by James McCully against Thomas S. Clark and William Thaw, partners, doing business as Clark & Thaw, to recover damages for the destruction by fire of a warehouse and contents, owned by him, on Penn street, in the city of Pittsburgh, alleged to have been occasioned by the default of the defendants in "negligently and wilfully" permitting a large quantity of burning coal to remain for a long time unextinguished upon their premises, immediately adjoining the wall of the warehouse which was destroyed. The testimony was to the

[McCully *v.* Clarke & Thaw.]

effect, that plaintiff's property, of the value of $30,000, was consumed by fire on the morning of July 20th 1853; that the premises had been closed up as usual on the previous evening, no person remaining therein, and no fire being kept thereupon; that on the 26th day of the previous month the warehouse immediately adjoining thereto, and occupied by the defendants, who were transporters upon the Pennsylvania Canal, was burned to the ground by a fire originating in and communicated by a boat belonging to the said defendants; that the said last-mentioned warehouse, being of the height of a single story, and without any cellar underneath the same, was used by the defendants for the deposit of coal, belonging to themselves, and stored for the purpose of transportation therein; that at the time of the said fire a large quantity of the coal, amounting to several thousand bushels, was piled up to the depth of some five or six feet, against the wall next adjoining to the warehouse of the plaintiff; that the said coal was ignited at the time of the destruction of the defendants' warehouse, and continued to burn until the 20th of July next following thereafter; that the said plaintiff, apprehending danger therefrom, complained on several occasions to the mayor of said city, and that notwithstanding occasional intermitted efforts, on the part of the defendants, to extinguish the same by throwing water thereon, the coal continued to burn until the period of the destruction of the plaintiff's property.

The plaintiff further offered evidence to show that his warehouse was strongly and substantially built, with cellar and other independent walls throughout, and that the fire had its commencement in the ends of the timbers inserted in that part of the defendants' wall, against which the said mass of burning coal was piled.

He also offered evidence to prove that the application of water, as shown by the testimony, would be only to intensify the heat; that the only feasible means of extinguishing it would have been by taking the same away, and that a large portion of the coal was converted by the operation into coke, and in that shape afterward disposed of and removed by the defendants.

The defence was, that the fire did not originate from the burning of the coal in the ruins of defendants' warehouse; that the defendants were guilty of no negligence in relation to the coal burning in the ruins of their warehouse, but had employed frequent, efficient, and faithful means to extinguish the fire down to the evening immediately preceding the burning of plaintiff's warehouse, at which time it was apparently extinguished, no fire being afterwards seen by any one in the ruins of defendants' warehouse; and that if there was in fact, or if the plaintiff supposed there was the slightest danger of injury to his own property from the cause assigned, *he* was guilty

[McCully v. Clarke & Thaw.]

of the grossest negligence in neglecting all efforts to prevent the injury, and in not giving notice to defendants, he having been frequently at the ruins while the fire was burning, and that he had no fear of it.

Under the above facts the plaintiff requested the court to charge the jury:—

1. That if the jury believe that the defendants had a large pile of coal placed in their warehouse against the side walls thereof, for a distance of from sixty to ninety feet or thereabouts, and in height against said walls from five to nine feet or thereabouts, and extending out from said walls from eight to twelve feet or thereabouts, at the same or a greater height; and thence extending some eight or ten feet further, diminishing from said height to almost nothing; and that the stone wall of plaintiff's warehouse was built close up against the stone wall of defendants' warehouse, against which said coal was piled, and the brick wall of plaintiff's warehouse ran close alongside of the brick wall of defendants' warehouse, against which said coal was piled; and if the jury believe that said coal was set on fire by the burning of defendants' warehouse, on June 26th 1853, and continued to burn until July 20th 1853, the defendants being aware of the fact, still in possession, and having caused water to be thrown upon the same at different intervals during said period, without extinguishing the same; and if the jury further believe that fire was communicated to plaintiff's warehouse and its contents from the fire in said coal pile, and that the same were thereby burned up on July 20th 1853: then, from these facts, as a matter of law, the defendants are guilty of negligence, and the plaintiff is entitled to recover the value of his warehouse and its contents.

2. That if the jury find the facts as stated in the foregoing point, and the court should decline to charge that, as a matter of law, the plaintiff is entitled to recover, then the court is requested to charge that these facts throw upon defendants the burden of proof in the case; and the jury must be satisfied that said fire in said coal pile could not have been extinguished by the defendants from June 26th to July 20th; otherwise the plaintiff is entitled to a verdict for the value of his warehouse and its contents.

3. That there is no evidence in the cause of any such negligence on part of plaintiff as will prevent his recovering.

4. That the defendants permitting a large mass of coal, piled against the walls of their warehouse, immediately adjacent to the walls of plaintiff's warehouse, to be on fire for some twenty-four days in the most business part of the city of Pittsburgh, they knowing the fact, was a violation of their duties as citizens; a nuisance and gross negligence towards the plaintiff and his property; and if plaintiff's property was set on fire thereby or

4 Wr.—26

[McCully *v.* Clarke & Thaw.]

therefrom, defendants are liable for the loss, and there is no evidence in this case by which they are entitled to escape from such liability.

5. That plaintiff had no right to go on the private property of defendants to extinguish this fire; but if the court should think he had, by reason of the fire being a public nuisance, still he was not bound to do so, and his failure so to do was not such negligence on his part as will prevent his recovering.

6. That the leaving of a large pile of burning coal belonging to the defendant, upon his own premises, in immediate proximity to the plaintiff's warehouse, in the centre of a populous city, is negligence *per se*; and if the plaintiff's house was set on fire thereby, the defendants are liable to the extent of the loss thereby occasioned.

7. That it was the duty of the defendants to extinguish the said fire, and, if not otherwise practicable, to remove the coal itself for that purpose; and that the law casts no duty on the plaintiff to undertake the labour and incur the expense of doing this himself.

8. That if the law did make it the duty of the plaintiff to take any steps himself, that duty was discharged by an application to the mayor, and such application will relieve him from the imputation of negligence.

The court below (WILLIAMS, J.), after reciting the main facts of the case, charged the jury as follows:—

"The plaintiff's right to maintain this action, and to recover damages for the destruction of his warehouse and its contents by fire, and the defendants' liability therefor, depend upon well settled principles of law, easily understood and readily applied.

"1. The plaintiff is not entitled to maintain this action, and to recover damages for his loss, unless the fire which destroyed his warehouse was occasioned by the negligence of the defendants. Negligence is the very gist of this action; and, therefore, unless the defendants' negligence was the occasion of the fire, the plaintiff is not entitled to recover.

"2. The plaintiff was bound to use ordinary and reasonable care and diligence for the preservation of his property, and he is not entitled to recover if his own negligence contributed to or was the cause of its destruction. If the fire which caused the loss of the warehouse and its contents was occasioned by the mutual negligence of both the plaintiff and defendants, the former is not entitled to recover damages for the loss which he has sustained.

"Negligence is the want of proper care, caution, and diligence —such care, caution, and diligence as, under the circumstances, a man of ordinary and reasonable prudence would exercise. It consists in nonfeasance; that is, omitting to do or not doing

[McCully v. Clarke & Thaw.]

something which ought to be done, which a reasonable and prudent man would do; and a misfeasance, that is, the doing something which ought not to be done, something which a reasonable man would not do, or doing it in such a manner as a man of ordinary and reasonable prudence would not do it; in either case causing, unintentionally, mischief or injury to a third party.

"The jury will then determine from the evidence:—

"1. What was the cause of the burning of plaintiff's warehouse? Was it set on fire by the burning of the coal in the ruins of the warehouse in the possession and occupancy of the defendants? Was the wall of McCully's warehouse so heated by the burning of the coal in the ruins of the warehouse of Clark & Thaw, that it set the girders in the wall on fire, and thus communicated the fire to the whole building?

"2. If so, were the defendants guilty of negligence in allowing the coal pile, in the ruins of their warehouse, to burn in the way and for the length of time it did? If the defendants were guilty of negligence, it was because they did not extinguish the fire, owing to the fact that either they did not use the proper means, or did not employ them with sufficient vigour, energy, and perseverance.

"3. Was the plaintiff without fault, or was he guilty of negligence, and was his negligence the cause or occasion of the fire, or did it contribute thereto? Would his warehouse have been burned if he had exercised ordinary and reasonable diligence?"

The court called the attention of the jury to the facts and circumstances in evidence, relied on by the counsel on both sides as tending to show the origin and cause of the fire, and also as tending to show whether their respective clients had or had not been guilty of negligence, and then proceeded in substance as follows:—

"The jury will determine for themselves what was the origin of the fire; whether or not it was set on fire by the burning coal in the ruins of defendants' warehouse; and unless satisfied that it was, they will find for the defendants. But if the jury find that plaintiff's warehouse was set on fire by the pile of burning coal in the ruins of defendants' warehouse, and that the defendants did not use ordinary care and skill and the proper means to extinguish it, and that they were guilty of negligence in this respect, and that in consequence thereof plaintiff's warehouse was set on fire, then the jury will find for the plaintiff damages for the full amount of his loss, unless they find that his own want of reasonable care contributed to or was the occasion of his loss. The plaintiff is not entitled to recover if the loss would not have occurred except for his own negligence.

"The counsel on both sides have submitted a number of points

[McCully *v.* Clarke & Thaw.]

upon which they have prayed the instruction of the court, but so far as they are not answered in the charge they are refused. The court declines to charge, as *matter of law*, either that there was or was not negligence on the part of either the plaintiff or defendants. Whether either or both the parties were or were not guilty of negligence, are questions of fact for the determination of the jury, from all the evidence in the case."

Under these instructions there was a verdict and judgment in favour of defendants. The case was then removed into this court by the plaintiff, who assigned for error the refusal of the court below to affirm the points submitted, and to charge, *as matter of law*, either that there was or was not negligence on the part either of the plaintiff or defendants, and the referring the same, as a question of fact for the jury, without any evidence of negligence on the part of the plaintiff.

*R. Woods*, for plaintiff.—The first, fourth, and fifth points presented the proposition that the facts therein set forth, if true, constituted negligence *per se*, and by construction of law.

The court below treated this as a question of fact, and left it to the jury; and in this there was error: See Piggot *v.* Eastern Counties Railway Co., 54 E. C. L. Rep. 228; Toubenville *v.* Stamp, 1 Com. Rep. 32; 1 Salk. 2; 63 E. C. L. Rep. 353. The second point presented the same facts as the foregoing, with a reasonable qualification in asking the court to charge that, if not conclusive, they made out a *primâ facie* case in favour of the plaintiff, to be met only by showing that the extinguishing of the fire was out of defendants' power: 54 E. C. L. Rep. 228.

The third, fifth, and eighth points presented the proposition that there was no negligence on the part of the plaintiff; that the law had cast no duty on him which he did not perform. But the court below, instead of instructing the jury as to the duties of the plaintiff, from the omission of which negligence might be inferred, left it to them to determine what their duties were, by leaving them to decide whether he was guilty of negligence or not. To authorize this there was no evidence, unless the law required the plaintiff to go upon the premises and put out the fire himself. Notice to defendants of the existence of the fire was unnecessary: they were aware of it.

But plaintiff had not the right to enter upon defendants' lot, for the purpose of extinguishing this fire. Nor was it his *duty*: that devolved on defendants. If they failed to perform it, is plaintiff's omission to be interpreted into a neglect, which will disable him from recovery for their default? Pennsylvania Railroad Co. *v.* Ogier, 11 Casey 72.

The seventh point presented the proposition that it was defendants' duty to extinguish the fire on their own premises, at their

[McCully v. Clarke & Thaw.]

own expense, without the aid of the plaintiff, which, for obvious reasons, should have been affirmed.

*A. W. Loomis* and *C. B. Smith*, for defendants.—The plaintiff cannot complain of anything which appears in the charge of the court below. It was as favourable as he could ask, for he had no right to recover unless the fire originated in the ruins of defendants' warehouse, nor unless they were guilty of negligence : Smith v. McCune, 24 Howard 403.

The qualification that if plaintiff's own want of reasonable care contributed to or was the occasion of the loss, he was not entitled to recover, is abundantly sustained by authority : Simpson v. Hand, 6 Wharton 321 ; Wynn v. Aland, 5 W. & S. 524 ; Railroad Company v. Steiner, 7 Harris 303 ; Butterfield v. Forrester, 11 East Rep. 60–1. To charge, as was requested, *as matter of law*, that there was or was not negligence, would have been erroneous : Peters v. Rylands, 8 Harris 501 ; Vaugn v. Menlove, 32 E. C. L. Rep. 468 ; 1 Hillard on Torts 132–3. But the whole case shows manifest negligence on the part of the plaintiff, if he thought there was any danger : he did nothing to guard against it, though he knew of the existence of the fire in defendants' coal-heap.

The instruction requested in the plaintiff's first, fourth, and fifth points, could not have been given without error. The points assume facts which are expressly disproved by the testimony as to the condition of the walls of the buildings ; wholly ignore the efforts made by defendants to extinguish the fire ; and take from the jury the right to make proper inferences from the fact that the coal-heap was allowed to remain on defendants' premises while on fire. No authority can be shown in support of the doctrine of "negligence by construction of law." This is ever a question for the jury, under all the facts of the case. The case of Piggot v. Eastern Counties Railway Co., 54 E. C. L. Rep. 228, when closely examined, is an authority against the plaintiff.

Nor was the second point sustained by the law or the facts of the case. Even if the facts were as is therein assumed, the instruction prayed for could not have been given. The question was for the jury, and not a legal proposition to be communicated to them by the court. The same remark applies to the third, fifth, and eighth points. The plaintiff was bound to the exercise of ordinary care and diligence, and if derelict in this duty he had no right to recover. If his property was in danger, he had a right to go on that of his neighbour to prevent the injury. The necessity of the act would have justified it, but he did nothing of the kind, and cannot throw the responsibility on those who were actively engaged in the performance of this duty.

[McCully *v.* Clarke & Thaw.]

The parties were alike bound to guard against this injury. Railroad Company *v.* Ogier, 11 Casey 60, settles this, and also that it is only in extreme cases, and where there are no controverted facts, that the court will take the question of negligence from the jury. The application to the mayor by the plaintiff was not the duty which the law cast upon him, but, so far as this controversy is concerned, a nugatory act. The seventh assignment of error requires no discussion.

The opinion of the court was delivered, November 11th 1861, by

Strong, J.—No complaint is made of the instruction given to the jury in this case. None could be, with any shadow of reason. The charge was a clear, accurate, and comprehensive statement of the principles of law applicable to the facts of which evidence had been given. It is not alleged that it contained anything erroneous. The complaint here is, that the learned judge did not say more; that he did not take the facts away from the jury, and instruct as matter of law that the plaintiff was entitled to recover.

The action was brought for negligence. The point of the accusation was, that the defendants had so negligently kept and continued a certain pile of coal which had taken fire, and so wrongfully and negligently failed to extinguish the fire, that the warehouse of the plaintiff, with its contents, had been ignited and destroyed. Whether the defendants had been guilty of the negligence charged, was therefore the principal subject of inquiry; in other words, whether they had exercised such care and diligence to prevent injury to the property of the plaintiff, as a prudent and reasonable man, under the circumstances, would exercise. Now, it is plain that what is such a measure of care is a question peculiarly for a jury. A higher degree is doubtless demanded under some circumstances than under others. It varies with the danger. And when the standard shifts with the circumstances of the case, it is in its very nature incapable of being determined as a matter of law, and must be submitted to the jury. There are, it is true, some cases in which a court can determine that omissions constitute negligence. They are those in which the precise measure of duty is determinate, the same under all circumstances. When the duty is defined, a failure to perform it is of course negligence, and may be so declared by the court. But where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved. Such was this case. The question was not alone what the defendants had done, or left undone, but, in addition, what a prudent

[McCully *v.* Clarke & Thaw.]

and reasonable man would ordinarily have done under the circumstances. Neither of these questions could the court solve. When, therefore, the court was asked to instruct the jury that if they believed certain facts were proved, of which evidence had been given, the defendants were guilty of negligence, and the plaintiff was entitled to recover, the instruction was properly refused. It could not have been given without determining, as matter of law, what care and caution a prudent and reasonable man would have exercised in circumstances similar to those in which the defendants were placed. The points proposed to the court assumed that the defendants were under obligation completely to extinguish the fire in the coal-pile within a designated time. They did not propose to submit to the jury even so much as whether it could have been done, much less whether every reasonable effort had not been made to extinguish it. Nor were the facts which the court was called upon to declare conclusive proof of negligence, and entitling the plaintiff to recover, all the material facts of which there was evidence in the case. There were others of a qualifying nature, important to the inquiry, whether the defendants had been culpably negligent. Without considering these other facts, the court must have taken but a one-sided view of the case. Besides all this, the court could not have directed a verdict for the plaintiff, as requested, without deciding that there was no evidence at all of concurring negligence on the part of the plaintiff. But even if the loss of the plaintiff was occasioned by want of due caution on the part of the defendants, the case was not destitute of evidence that the plaintiff's negligence contributed to the loss.

For similar reasons, the court was right in declining to charge the jury that certain facts enumerated, even though not constituting negligence in law, threw upon the defendants the burden of proof in the case, and that the jury must be satisfied that the fire could not have been extinguished within a designated time, or the plaintiff would be entitled to a verdict. The instruction asked for assumed that it was for the court to determine precisely what was due diligence and caution, and to rule that nothing less than the complete extinguishment of the fire in the specified time, if possible, would bring their conduct up to the standard by which prudent and reasonable men are guided. This point also, as did the others, ignored pertinent and important facts in evidence, which must have been considered in determining whether there was negligence at all, and, if affirmed, it might have given the plaintiff a verdict, even though the plaintiff's own negligence may have concurred in causing his loss. In actions for negligence the burden of proof is upon the plaintiff. The law will not presume it for him. And in cases like this, where all the evidence must be considered in order to ascertain whether

[McCully *v.* Clarke & Thaw.]

negligence existed, it is a mistake to suppose that a court may be required to single out some of the facts proved and declare that they remove the burden of proof from the shoulders of the plaintiff, and cast it on the defendant. That can only be done where a court can determine what constitutes guilt. It is the province of the jury to balance the probabilities and determine where the preponderance lies. The case relied upon by the plaintiff in error, Piggott *v.* The Eastern Counties Railway Company, 3 M. Gr. & S. 229, 54 Eng. C. L. Rep. 228, is in perfect harmony with these doctrines. In that case the defendants ran a locomotive, the sparks from which set fire to the property of the plaintiff. Using a dangerous agent, the law required of them to adopt such precautions as might reasonably prevent damage to the property of others. Some precaution was a duty. They had no right to run their locomotive without it. Failure to adopt some precaution was therefore failure to discharge a defined duty, and was negligence. In such a case the court might well say, as was said, that a fire caused by running the engine, without any evidence of precaution, established a *primâ facie* case of negligence. Even this, however, was not laid down as matter of law to the jury. It was only said by one of the judges, in commenting on the evidence, and in reply to a rule for a new trial, on the ground that the verdict was against the weight of the evidence. It was therefore no more than an assertion that the jury might have drawn the inference of negligence from the facts that a locomotive had kindled a fire, and that there had been no precaution. That was a very different case from the present. Even if the court might in that case have declared the effect of the evidence, it must have been because the duty of the defendants was unvarying and well defined by the law. Here the standard of duty was to be found as a fact, as well as the measure of its performance, and there was evidence of earnest, continued, and apparently successful efforts to extinguish the fire in the coal. This disposes of all the assigned errors, except the fifth and eighth. Of them we need only say that they were not insisted on in the argument, and we have not been able to discover that they point to any error committed.

Judgment affirmed.