[Poe v. Southern Railway Co.]

# Poe *v.* Southern Railway Co.

### Setting Out Fire.

(Decided May 18, 1916.   71 South. 997.)

1. **Railroads; Setting Out Fire; Prima Facie Case.**—The mere fact that fire was communicated to plaintiff's property from a burning railroad car or a building on the railroad right of way does not make out a prima facie case of negligence as in cases of fire set out by sparks from passing locomotives.

2. **Same; Burden of Proof.**—Where there was evidence tending to show that plaintiff's building was ignited by fire from a locomotive the burden passes to the railroad company to show at least prima facie that the fire was emitted without negligence in the engine's construction, equipment and operation.

3. **Same.**—Where fire is communicated from a railroad's right of way, in consequence of a burning building on the right of way, or a burning car merely standing on the track, the same rules of evidence prevails as to the burden of proof, as in other cases of fire communicated from one building to another, or one premises to another, in the absence of a statute.

4. **Negligence; Fire; Liability of Owner.**—Where an owner of property sets out fire on his own premises for a lawful purpose, and in a proper and careful manner, and without negligence, or the fire accidentally starts without his fault, he is not liable for damages caused by its being communicated to the property or premises of another, unless he is thereafter guilty of negligence in failing to control or extinguish such fire before it spreads.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

George W. Poe, Jr., sued the Southern Railway Company, for damages for the destruction of property by fire. Judgment for defendant and plaintiff appeals. Affirmed.

GUNN & POWELL, for appellant. BANKHEAD & BANKHEAD, for appellee.

MAYFIELD, J.—The action is to recover damages for the destruction of a lot of lumber by fire. The lumber was placed on the defendant's right of way for shipment. Fire was communicated to it from a camp or commissary car used by the section hands of the defendant, stationed on a side track near plaintiff's lumber. The origin of the fire in the car, whether accident, negligence, or intentional act, is not shown. The fire was discov-

ered about 10 o'clock at night, by the smoke's awakening those sleeping in or near the car. There were on the same switch track some bunk cars, and the commissary car which burned. The other cars were removed or pushed away, and were not burned. The burning car was so far consumed and so hot when the fire was discovered that it could be moved, or was moved, only a short distance. All the witnesses who were present testified that the car was not moved at all after the fire was discovered.

One of the main contentions of the plaintiff, appellant here, is that there were circumstances and conflicts in the evidence tending to show that the car was moved after the fire was discovered and left nearer plaintiff's lumber; and this is by appellant claimed to be the basis of the negligence and the proximate cause of the burning of his lumber. These circumstances were that the burned car was seen the evening before the fire, when it was several feet further from the lumber, than was the heap of ashs, iron, etc., which next morning indicated the point where it was consumed. The contradiction consists of evidence tending to show contradictory statements by some of the witnesses who testified that the car was not moved after the fire was discovered. Appellant claims that this made a question for the jury to say whether, if it had not been moved, it would probably not have ignited the lumber.

The trial court, after all the evidence was in, gave the affirmative charge for the defendant, and this is the only error insisted upon to reverse the judgment.

We are not of the opinion that the circumstances and apparent conflict above pointed out showed or tended to show any negligence in the moving of this car, or in the failure to move it after the fire was discovered. If it be conceded that the car was moved several feet between the time plaintiff and his witness saw it on the evening before and the time it was burned, there is nothing in this to show any actionable negligence or willful motive to jeopardize or burn the lumber. It may have been moved with the greatest possible care, whether moved before or after the fire was discovered; and the evidence introduced to show contradictory statements, if true, did not show or tend to show any actionable negligence, but rather tended to show the contrary; that is, that it was impossible to move it away from the point where it burned. We do not think that the facts shown, most of which are undisputed, make a case of res ipsa loquitur, to show

actionable negligence on the part of the defendant. The undisputed facts no more show actionable negligence than they do unavoidable accident.

(1, 2) It is true that we have a line of cases somewhat like this—that is, cases against railroads for the destruction of property by fire communicated by agencies of the railroad—wherein the burden of proof is on the railroad company to go forward with evidence to rebut certain presumptions of negligence. These were cases, however, in which the fire was communicated by sparks from engines, locomotives, etc., but the rule of which has never been extended to cases like the one under consideration. In cases like this the mere fact that the fire was communicated to plaintiff's property from a burning car or building on the defendant's right of way does not make out a prima facie case of negligence as in cases of sparks from passing engines or locomotives. These rules and distinctions have been announced and made by this court in the following cases. *Sullivan T. Co. v. L. & N. R. R. So.,* 163 Ala. 126, 50 South. 941, and *Ala. G. S. R. R. Co. v. Demoville,* 167 Ala. 292, 52 South. 406. Where the action is against a railroad company for setting out a fire, and there is evidence tending to show that plaintiff's building was ignited by fire from defendant's locomotive, the burden passes to the defendant to show at least prima facie that the fire was emitted without negligence in the construction, equipment, and operation of the locomotive.—*Sullivan T. Co. v. L. & N. R. R. Co., supra;* 7 Mayf. Dig. 779.

The burden of proof and the presumption of negligence are somewhat different in cases in which property is fired directly by sparks emitted from engines from cases in which the fire spread from other property on fire upon the right of way of the company. Mr. Elliott (Railroads, § 1242) says that, where a fire is caused by inflammable material on the right of way or by fire spreading from the right of way, the authorities are pretty well agreed and settled. In such cases it is but just that the burden should rest upon the plaintiff; for the means of proof are as equally available to the plaintiff as to the defendant.—*A. G. S. R. R. Co. v. Demoville, supra;* 7 Mayf. Dig., supra.

The *Demoville Case* is nearer in point than any of our cases. There the distinction between cases of fire communicated by sparks from engines and cases like this was recognized; but in that case there was evidence which tended to show negligence in

the loading of cotton into the car, and that the cotton was either put into the car when on fire, or was negligetnly fired while being loaded by the railroad's agents. There is no such proof in this case, but, on the contrary, the whole tendency of the evidence is to show that the origin of the fire was an accident pure and simple; that it was not the result of any negligence or wrongful act on the part of the defendant or of its agents.

The case nearest in point which we have found is that of *So. Ry. Co. v. Power Fuel Co.*, 152 Fed. 917, 82 C. C. A. 65, 12 L. R. A. (N. S.) 472. The facts in that case were very similar to the fact in this case, with this difference: There there was some evidence to show negligence in the originating of the fire in the camp car, in that a drunken man was handling a lamp which ignited the car. The case was also governed by the laws of South Carolina, which state has a statute placing the burden of proof on railroad companies in all cases where fire is communicated from the railroad's right of way, whether sparks from passing engines, or from other cause. In that case it was held that no liability was shown; but it was also held by a majority of the judges that the only acts of negligence shown or attempted to be shown were acts of persons not the agents of the defendant, or, if they were such, then they were done by such agents while not acting within the line or scope of their authority. In that case, however, the judgment of the trial court was reversed for its refusal to direct a verdict in favor of the defendant, notwithstanding the statute above referred to.

(3, 4) Where fire is communicated from a railroad right of way, in consequence of a burning building, or of a burning car merely standing on the track, as in the case at bar, in the absence of a statute, the same rules of evidence as to the burden of proof seems to prevail as in other cases of fire communicated from one building to another, or from one premises to another. This rule seems to be now settled in the United States to the effect that, where an owner of property sets out fire upon his own premises for a lawful purpose and in a proper and careful manner, and without negligence, or the fire accidentally starts thereon without his fault he is not liable for damages caused by the fire's being communicated to the property or premises of another, unless he was thereafter guilty of negligence or actionable wrong in failing to control or extinguish it before it spread from his premises.—*McNally v. Colwell*, 91 Mich. 527, 52

[Birmingham Southern Ry. Co. v. Stephens.]

N. W. 70, 30 Am. St. Rep. 501. In a note to this case the authorities are collected, and it is there said in conclusion: "The destruction of property by fire, either upon the premises where it starts or is kindled or on other property to which it is communicated, does not raise a presumption of negligence either in the kindling or management of the fire.—*Catron v. Nichols*, 81 Mo. 80, 51 Am. Rep. 222; *Lansing v. Stone*, 37 Barb. [N. Y.] 15; *Bryan v. Fowler*, 70 N. C. 596. In all such cases the burden of proof is upon the plaintiff to show that the damage was caused by the negligence of the party kindling the fire.—*Sturgis v. Robbins*, 62 Me. 289; *Bachelder v. Heagan*, 18 Me. 32; *Burbank v. Bethel Steam Mill Co.*, 75 Me. 373, 46 Am. Rep. 400; *Tourtellot v. Rosebrook*, 11 Metc. (Mass.) 460; *Read v. Pennsylvania R. R. Co.*, 44 N. J. Law, 280; *McCully v. Clarke*, 40 Pa. 399, 80 Am. Dec. 584. Whether there was negligence is a question of fact for the jury to determine.—*Powers v. Craig*, 22 Neb. 621 [35 N. W. 888]; *McCully v. Clarke*, 40 Pa. 399, 80 Am. Dec. 584; *Jordan v. Lassiter*, 51 N. C. 130; *Dewey v. Leonard*, 14 Minn. 153 [Gil. 120]; *De France v. Spencer*, 2 G. Greene [Iowa] 462, 52 Am. Dec. 533."

This is, of course, subject to exception where the fire was communicated by sparks from engines, locomotives, etc., as we have above shown. The reason of this distinction we need not now discuss.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.