Ginter, Appellant, *v.* Pennsylvania Railroad Co.

McClure, Appellant, *v.* Pennsylvania Railroad Co.

*Railroads—Negligence—Sparks—Refusal of train crew to put out fire—Scope of employment.*

1. Where a fire starts on land contiguous to a short coal branch of a railroad and extends to land beyond and destroys timber thereon, the owners of the timber cannot recover from the railroad company if there is nothing to show that the company negligently operated its trains, and the only negligence averred is that the crew of a train refused, when notified of the fire, to leave their train and help extinguish it.

2. There is no duty upon the railroad company under such circumstances to render aid in putting out the fire; nor can it be held liable for the negligence of the crew in refusing to aid, inasmuch as the extinguishment of fires is not within the scope of the employment of a train crew.

3. An employer is not liable for any act or omission of an employee that is not within the scope of his employment.

Argued Oct. 2, 1918. Appeals, Nos. 20 and 21, Oct. T., 1918, by plaintiffs, from judgments of C. P. Jefferson Co., Aug. T., 1912, Nos. 258 and 259, for defendant n. o. v. in

cases of H. E. Ginter, Irwin Simpson, H. M. Irvin and Samuel States v. Pennsylvania Railroad Company and A. F. McClure and J. A. McClure v. Pennsylvania R. R. Company.   Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Trespass for destruction of timber by fire.   Before SLOAN, P. J., specially presiding.

At the trial the jury returned a verdict for the plaintiffs in both cases.   Subsequently on motion of defendant the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*A. M. Liveright,* with him *W. T. Darr* and *Miller & Hartswick,* for appellants.—Although there may be no negligence in setting a fire, there may be such remissness in not preventing the spread of the flames as will render the party so derelict liable in damages: Webb v. Rome, Etc., R. R. Co., 49 N. Y. 420; O'Neill v. N. Y., Ontario, Etc., R. R. Co., 115 N. Y. 579; McCully v. Clarke, 40 Pa. 399; Baylor v. Stevens, 16 Pa. Superior Ct. 365; Hunter v. Penna. R. R. Co., 45 Pa. Superior Ct. 476; Bass v. Chicago, Etc., R. Co., 28 Ill. 9; New York, Chicago, Etc., R. Co. v. Grossman, 17 Ind. App. 652; Louisville, New Albany, Etc., Ry. Co. v. Palmer, 13 Ind. App. 161; Terre Haute, Etc., R. Co. v. Walsh, 11 Ind. App. 18; Indiana, Bloomington, Etc., R. Co. v. Overman, 110 Ind. 538; Missouri Pac. Ry. Co. v. Platzer, 73 Tex. 117.

*Don C. Corbett,* of *Corbett & Rugh,* with him *Raymond E. Brown,* for appellee.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The plaintiffs in these cases were the owners of timberland in Gaskill Township, Jefferson County.   Their land was not immediately adjacent to the right of way of the

defendant company, but there were lands of other owners intervening, the land nearest the railroad being that of the Madeira Hill Coal Company at Clover Run. The Madeira Company operated a mine on its property which was in Clearfield County a short distance east of the Jefferson County line. The Madeira Company had cut the timber on its land and there were at various points near the right of way of the defendant company an accumulation of tops, limbs and other debris left upon the ground. It was in this combustible matter on the land of the Madeira Hill Coal Company that the fire which occasioned the injury in this case started.

The Hillman branch of the Bellwood division of the Pennsylvania Railroad was built to reach the operation of the Madeira Hill Coal Company. On the day of the fire a train consisting of two engines, six empty cars and a passenger coach passed over this branch. The head engine went into a siding before reaching the tipple of the coal company, while the other engine pushed the six empty cars out on the tipple. Both engines were in good working order and were equipped with spark arresters. About fifteen or twenty minutes after the engines passed the tipple, a fire was observed in the rubbish on the land of the Madeira Coal Company at a distance of about seventy feet from the right-of-way of the railroad company.

Four employees of the coal company, shortly after the fire started, went to the point where it had started and endeavored to extinguish it but without success, owing to the dryness of the tops, limbs and other lumber, and the fact that a strong wind was blowing at the time. The train was running on a schedule and, shortly after the fire broke out (the witnesses differing as to the time which elapsed), the train left in order to make a connection with the main line of the Pennsylvania railroad. The crews of the two engines consisted of four men each, and after the fire broke out the attention of a member of the crew, not identified by name, was directed to the

fact that fire had started and he was requested to call the crew and ask them to assist in extinguishing the fire. This he declined to do on the ground that it was outside the line of his duty and that he was required to give attention to the operation of the train. It is also alleged that the other members of the crew saw the fire raging but did nothing to assist in extinguishing it. After the train crew left they sent word to a section gang of the fact that the fire was burning and in response to this the section gang came and joined the others in attempting to fight the fire. This attempt was unsuccessful and the fire quickly spread to adjoining lands and ultimately reached the land of the plaintiffs where a large amount of valuable timber was destroyed. This suit was brought to recover damages for the resulting injury.

The case was submitted to the jury on the theory that the defendant company had been negligent in the operation of its engine and trains in permitting cinders to escape from the locomotive and also that it was negligent in failing to extinguish the fire after it had started. After the jury had retired counsel for the plaintiffs requested the court to recall the jury and instruct them that the claim of the plaintiffs was based entirely upon the ground that the railroad company had been guilty of neglect by reason of the failure of the crew to put out the fire or to make any effort to put it out after it had been started. The learned judge of the court below refused to take this course and the jury returned a verdict in favor of the plaintiffs in the one case for $4,128 and in the other for $3,732. This verdict was based generally on the ground that the railroad company was guilty of negligence. There was no proof which would justify a finding of negligence on the part of the railroad company because of its failure to equip the engine with a spark arrester and the sole question presented for our determination is:

Was the company negligent by reason of the failure of the train crew to abandon the train for the time being and devote its energies to the extinguishment of the fire?

The fire did not start on the right-of-way of the defendant company. The accumulation of debris was on the land of the coal company and hence no negligence can be imputed to the defendant company in this regard. The learned counsel for the appellant in their printed argument based the right of the plaintiffs to recover upon these facts: that the men employed by the coal company told one of the train crew that the fire had started and could be readily extinguished; that there were eight men in the employ of the company in these two crews; that six of them could have been released for work about the fire; that after completing their railroad work the crews lay for a time in the yard while the fire was in progress and made no effort to extinguish it; that water was available both in the tender and boiler of the engines and at a water tank about 300 feet away near the railroad track; that the coal company had a company store within easy walking distance where they had pails and buckets for sale, and that it was the duty of the train crew to go to this store and procure buckets and then proceed further to obtain the water necessary to put out the fire. Was any such duty imposed upon the railroad company? Can it be held as a matter of law that it is the duty of the train crew in the employ of a railroad company to stop the work in which they are ordinarily engaged at any point along the line of the railway where they observe a fire on adjoining land and take such measures as are possible to extinguish that fire? This proposition if sound must be applied not only in cases of timberland and in rural communities and farming districts, but in populous cities as well. If it is to be the rule on a branch line and where trains are infrequent and slow, it must also govern on the main line of a railroad such as that of the defendant company with fast express trains and constant traffic.

Judge COOLEY in his work on Torts has defined negligence as, "the failure to observe for the protection of the interest of another person that degree of care, protection and vigilance which the circumstances justly demand whereby such other person suffers injury." The test to be applied therefore is: was there any obligation on the part of the railroad company under the circumstances to exercise any care or vigilance such as is complained of in the statement filed by the plaintiffs and now urged on this appeal?

We have repeatedly held that where the railroad company takes the necessary precautions and employs a proper mechanism to prevent the escape of sparks from their engines that there can be no recovery of damages for any injury which results simply from the throwing of sparks provided the mechanism is in proper condition. It is also true that one of the elements of damage taken into consideration by a jury when land is appropriated under the exercise of eminent domain by a railroad company is the possibility of fires which may occur without negligence on the part of the railroad company: Railroad Company v. Yeiser, 8 Pa. 366.

If therefore the mere existence of a fire on land adjoining the right-of-way of a railroad imposes no liability on the company unless there be proof of negligence, a fortiori, no liability arises when the property destroyed is on land which is not adjacent to the right-of-way, but is separated therefrom by the land of several intervening owners unless there be proof of actual negligence. If the fire is ignited by reason of the negligence of the railroad company a different situation arises, but where it is conceded, as here, that the fire was not started by the negligent act of the company, it did not owe the duty of care, protection and vigilance to the plaintiff to the degree that it is liable in damages under the particular circumstances proved in this case. It is damnum absque injuria.

The cases cited in the brief of counsel for the appellant do not sustain their view that the failure of the train crew to respond to the appeal for aid in extinguishing the fire constituted negligence on the part of the company. In both McCully v. Clarke, 40 Pa. 399, and Baylor v. Stevens, 16 Pa. Superior Ct. 365, the fire started on the land of the defendant company and there was evidence from which a jury could find negligence because of the conditions existing on the property of the defendant. These are the only Pennsylvania decisions cited. The cases cited from other jurisdictions are all readily distinguished by their facts from the case at bar. In most of them the railroad company negligently permitted an accumulation of grass, weeds or brush upon the right-of-way and the fire which occasioned the injury was ignited in this way. Sparks were negligently thrown from the engines of the defendant company because of defective mechanism, thus affording evidence of negligence in this regard by the defendant. None of them go to the length of holding that a railroad company must police its lines with fire fighters or impose upon train crews the duty of extinguishing fires which may arise along the lines of the railway at any point during the passage of a train over the tracks of the company.

On the contrary, in the case of Kenney v. Hannibal & St. Joseph Railroad, 70 Missouri 252, it is held:

"That the company is not liable because its servants neglected to extinguish the fire when they discovered it upon the track. It was their duty as citizens to prevent the spread of the fire, and by their conduct on the occasion they manifested a cruel and brutal indifference to the destruction of a neighborhood property; but it was not in the line of their employment and it was no more their duty to extinguish the fire than that of any other person who saw it."

In the case of Baltimore & Ohio R. R. Co. v. Shipley, 39 Maryland 251, the court said:

"A company is not obliged to keep men stationed along its line either to guard against or extinguish fires which may happen. With trains passing every hour on many roads and with a rapidity unknown to any other power, it would be utterly impracticable to keep men stationed at every point where a fire might occur. To impose such a duty would not only be unreasonable itself, but would make railroad companies insurers against loss by fire along all property along the lines of their roads."

In connection with the thought expressed in these decisions from other jurisdictions, the language of Chief Justice GIBSON, in Railroad Company v. Skinner, 19 Pa. 298, is suggestive. He said:

"The irresponsibility of a railway company for all but negligence or wanton injury, is a necessity of its creation. A train must make the time necessary to fulfill its engagements with the post-office and passengers; and it must be allowed to fulfill them at the sacrifice of secondary interests put in its way; else it could not fulfill them at all."

We are therefore of the opinion that in the case at bar the defendant company cannot be held guilty of negligence because of the failure of its crew to leave their train and engage in the work of extinguishing the fire started on lands adjoining its right-of-way. To enforce this measure of duty would be to impose too heavy a burden on the company and one that would seriously interfere with the rights not only of the company but of the public as well. The delay incident to the movement of trains would be intolerable.

For another reason it is equally true that there could be no recovery by the plaintiffs in this case. The negligence alleged is the negligence of the train crew in not extinguishing the fire. This duty was not within the scope of the employment of the train crew. They were employed for the purpose of operating the train and moving it from one destination to another. Their employment related wholly to the movement of the trains.

Their duties were confined to this and to this alone. It could not be successfully alleged that the terms of their employment contemplated the performance of any such duties as that of extinguishing fires. It is a well-recognized principle of the law of negligence that an employer is not liable for any act or omission of the employee that is not within the scope of his employment: Guille v. Campbell, 200 Pa. 119; Lake Shore & Michigan Southern Railway Company v. Rosenzweig, 113 Pa. 519; Rudgeair v. Reading Traction Company, 180 Pa. 333.

The assignments of error are not sustained and the judgment is affirmed.