THE BALTIMORE AND OHIO RAILROAD COMPANY vs.
NIMROD O. SHIPLEY.

*Meaning of the expression "Without Negligence," as used in sec.,
1 of Art. 77, of the Code—Care and diligence required of a
Railroad Company, to avoid Injury to property along the line of,
its road—Jury not to infer Negligence—Estimate of the value of
Property to be based upon Witness' own knowledge—Practice—
Inadmissible Evidence—When a person is entitled to recover the
Value of his property destroyed by a Railroad engine; and,
when not—Proximate cause—Degree of Evidence necessary in
an action against a Railroad Company, to recover for the
destruction of the Plaintiff's property by Fire from the Defen-
dant's Engine.*

The expression, "without negligence" used in the first section of Article 77 of
the Code, means the exercise of reasonable care and diligence on the part of
the railroad company, to avoid, as far as practicable, injury to property
along the line of its road; that is to say, by having its engines properly
constructed and in good condition, and placed in the charge of skilful and
prudent persons, and managed by such persons in a skilful and prudent
manner, and in keeping its road-bed in proper condition, by preventing the
negligent accumulation of combustible material. But a railroad company is
not obliged to keep men stationed along the line of its road either to guard
against, or to extinguish fires which may happen.

And in an action against a railroad company to recover damages for injury
done the plaintiff's property by fire from the engines of the defendant, the
jury are not at liberty to infer negligence on the part of the defendant, from
the absence, at the time of the fire, of the hands employed for the purpose of
repairs on the section of the road where the fire occurred, and the failure by
the company to assist in extinguishing the fire.

In an action against a railroad company to recover for the destruction of the
plaintiff's property by fire from the defendant's engines, a witness testifying
as to the value of the property destroyed, cannot base his estimate of the

same upon the representations of others—it must be based upon his own knowledge.

Where a question improper in itself is asked, objection thereto must be made before it is answered, but when the question is a proper one and the answer thereto improper, it is the duty of the Court, on motion, to exclude the answer from the jury.

In an action against a railroad company for injury done by fire from its engines to the property of the plaintiff, evidence as to the *usage of the defendant* in regard to the construction and condition of its engines, is inadmissible; the defendant must prove that its engines were properly constructed and in good condition; but such proof is not to be restricted to their condition on the day of the fire.

Where property is destroyed by fire from the engine of a railroad company, the party injured, in an action against the company, is entitled to recover the value of the property destroyed, unless the defendant can show that the fire was occasioned without any negligence on its part.—On the other hand, if it be shown that the defendant exercised reasonable care and prudence— that its engines were properly constructed and in good condition, and managed by competent and skilful persons in a careful and prudent manner, and its road-bed was in proper condition, then the plaintiff is not entitled to recover.

In an action against a railroad company to recover damages for the destruction of the plaintiff's property by fire from the engines of the defendant, the fact that the fire began on the road-bed of the defendant, and thence spread to the property of the plaintiff, is no bar to the right of the plaintiff to recover, the destruction of his property being the natural and necessary consequence of the fire kindled on the road-bed of the defendant.

In an action against a railroad company to recover damages for the destruction of the plaintiff's property by sparks emitted from the engines of the defendant, to entitle the plaintiff to recover, he is not required to prove that the fire by which his property was destroyed, could not have occurred in any other way than from sparks of fire emitted from the defendant's engines; while bound to prove to the satisfaction of the jury that the fire was occasioned by the negligence of the defendant, he is not bound to prove this beyond a reasonable doubt, as applied to the trial of criminal causes.

APPEAL from the Circuit Court for Frederick County.

This was an action on the case, instituted by the appellee under Article 77, of the Code, to recover damages for

the destruction of his property by fire from the engines of the appellant. The track of the defendant ran through the farm of the plaintiff, some three or four hundred yards on the north side, and a still greater distance on the south side. On the 23rd of September, 1871, a fire occurred on the plaintiff's farm, destroying a tobacco house filled with hay, a large number of tobacco sticks and fence rails; and about fifty or sixty acres of clover on the land in seed. Evidence was offered tending to show that the fire which destroyed the plaintiff's property, originated from the engines of the defendant. Sundry exceptions were taken by the defendant. The jury rendered a verdict in favor of the plaintiff for $1145, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY, and ROBINSON, J.

*Charles W. Ross* and *John K. Cowan*, for the appellant.

*Francis Brengle*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit was brought to recover damages for the destruction of the plaintiff's property by fire from the engines of the defendant.

The question presented by the first exception, is whether it was competent for the plaintiff to prove that none of the hands or employés of the defendant were present aiding and assisting in putting out the fire, the plaintiff stating at the time that he proposed to follow it by proving that a gang of ten or twelve men employed for the purpose of repairs on the section of the road where the fire occurred were absent not on business of the Company. This evidence was offered to prove negligence on

the part of the defendant. In this State, where property is destroyed by fire from a locomotive engine, the *burden of proof* is upon the company to show that the fire was "occasioned 'without negligence.'" *Art.* 77, *sec.* 1, *Code.* *Without negligence*, as used in the statute, means the exercise of reasonable care and diligence on the part of the company, to avoid as far as practicable, injury to property along the line of its road; that is, to say, by having its engines properly constructed and in good condition, and placed in the charge of skilful and prudent persons, and managed by such persons in a skilful and prudent manner; and in keeping its road-bed in proper condition by preventing the negligent accumulation of combustible material. But a company is not obliged to keep men stationed along the line of its road, either to guard against or to extinguish fires which may happen. With trains passing almost at every hour on many roads; and with a rapidity unknown to any other power, it would be utterly impracticable to keep men stationed at every point where a fire may occur. To impose such a duty would not only be unreasonable in itself, but it would in fact make railroad companies insurers against loss by fire, of all the property along the line of their roads. The proof thus offered, was calculated to mislead the jury, by leaving them to infer that the absence of the hands employed for the purpose of repairs on the section of the road where the fire occurred, and the failure on their part to assist in extinguishing the same, was evidence of negligence on the part of the defendant.

The Court erred also we think, in refusing to strike out so much of the testimony of the witnesses Rice and Salmon, in regard to the valuation of the property destroyed, as was based upon the representations of other persons, and not upon their own knowledge. These witnesses had testified in regard to an appraisement of the property, made by them previous to the trial, but upon

Balt. & Ohio R. R. Co. *vs.* Shipley.

cross-examination it turned out, they had no personal knowledge, as to part of the property included in the appraisement, and that their valuation in respect to the same, was based entirely upon the representations of other persons. We know of no rule of evidence which permits a witness to testify in regard to the value of property, based upon the mere hearsay declarations of others. The counsel are in error in supposing the motion to strike out the answer of the witnesses came too late. Where a question, improper in itself, is asked, objection thereto must be made before it is answered, but where the question is a proper one, and the answer thereto improper, it is the duty of the Court, on motion, to exclude the answer from the jury.

It was urged, however, that the error of the Court in this respect constitutes no ground for reversal of the judgment, because it is contended that the value of the property destroyed was fully proven by other witnesses. But in a case of this kind, where the jury is to ascertain the value of the property in question, it is impossible for us to say how far, or to what extent, their determination of the same was affected by the evidence thus objected to, and which ought to have been excluded.

The objection to the question as to *the usage of the defendant*, in regard to the construction and condition of its engines, was properly sustained. If the property of the plaintiff was destroyed by fire from the engines of the defendant, it was incumbent on the latter to prove that its engines were properly constructed and in good condition, and evidence of *mere usage* on the part of the defendant in regard to the same, would not necessarily prove, nor was it the best evidence to prove, the actual construction and condition of its engine. The usage of the company might require that all the engines used on its road should be constructed in a certain manner, but it would by no means follow that the requirements of the company

in this respect were complied with, by those to whom the duty of construction was confided.

In sustaining the objection to this question however, the Court erred in restricting the defendant to the proof of the condition of its engines on *the day of the fire.* The fact that they had been examined even on a day prior to the fire and found to be in proper repair, although not perhaps conclusive proof of their condition on the day of the fire, was evidence, we think, to go to the jury to aid them in determining their actual condition on the day the fire occurred. The weight to be given to such evidence was a matter exclusively for the jury.

The law governing the case, we think, was fairly submitted to the jury. If the property mentioned in the declaration was destroyed by fire from the defendant's locomotive, the plaintiff was entitled to recover the value of the same, unless the defendant proved to the satisfaction of the jury, that the fire was occasioned without any negligence on its part. On the other hand, if the jury should find that the defendant exercised reasonable care and prudence,—if its engines were properly constructed and in good condition, and managed by competent and skilful persons in a careful and prudent manner, and its road-bed was in proper condition, then the plaintiff was not entitled to recover.

The defendant's second, fourth, fifth, seventh, eighth and tenth prayers were properly rejected, because they required the Court to instruct the jury that there was no negligence on the part of the defendant, if its engines were properly constructed and provided with suitable fixtures for preventing injuries by fire, and were placed in charge of prudent and discreet persons. Now, it does not necessarily follow, because the engines were placed in the hands of competent and discreet persons, that such persons used and managed them in a skilful and prudent manner. A person, ordinarily prudent and careful, may

Balt. & Ohio R. R. Co. *vs.* Shipley.

do an imprudent and careless act. In addition to the facts enumerated in the defendant's prayers, and upon which it relied as proving the exercise of reasonable care on its part, they should have submitted to the jury the question as to whether the persons having charge of the engines, used and managed them in a prudent and careful manner.

The question presented by the sixth and sixteenth prayers of the defendant, as to the right of the plaintiff to recover if the jury should find the fire began on the road-bed of the defendant, and then spread to the land of the plaintiff, has been fully considered by this Court in *The Annapolis and Elkridge Railroad Company vs. Gantt, ante, p.* 115. In this, as in that case, the land of the plaintiff adjoined the railroad bed of the defendant, and, according to the rule there laid down, the destruction of the plaintiff's property was the natural and necessary consequence of the fire kindled on the road-bed of the defendant. The fact then that the fire may have begun on the road-bed of the defendant, and thence spread to the adjoining property of the plaintiff, does not bring this case within the well established rule, that a party cannot recover for injuries resulting remotely from the wrongful act of the defendant,—"*Causa proxima, non remota spectatur.*"

The fourteenth and fifteenth prayers were also properly rejected. There is a well recognized distinction in regard to the degree or quantity of proof in the trial of *civil* and *criminal causes.* In the latter, the presumption of innocence is so strong, that the law in favor of life and liberty requires the fact of criminality to be established, to the exclusion of every other reasonable hypothesis, or, in other words, to a moral certainty. In mere civil disputes, however, where no violation of the law is in question, and no legal presumption operates in favor of either party, the preponderance of probability, due regard being had to the burden of proof, may constitute sufficient

ground for a verdict. In this case it is not alleged that the property was *wilfully burnt* by the defendant, and although the plaintiff was bound to prove to the satisfaction of the jury, that the fire was occasioned by the negligence of the defendant, yet he was not bound to prove this beyond what is termed a reasonable doubt, as applied to the trial of criminal causes.

We find no error in the rejection of the seventeenth prayer. There was evidence *legally sufficient*, tending to prove that the fire originated from the engines of the defendant, and the Court properly refused to take the case from the jury.

For the reasons thus assigned the judgment below will be reversed and a new trial awarded.

> *Judgment reversed and*
> *new trial awarded.*