(Decided 6th January, 1888.)

CORNELIUS J. RYAN, and JOHN MCDONALD, trading as RYAN and MCDONALD *vs.* MICHAEL P. GROSS, use of JOHN F. GONTRUM and JOHN T. ENSOR.

*Damages — Negligence—Proximate cause—Evidence—Questions for the Jury—Variance.*

The contractors for grading a section of a railroad, used a shovel plough with a steam engine attached. Sparks from the engine set fire to dead grass and rubbish along the side of the road, and spread thence to the woodland of G. destroying a quantity of his growing timber. In an action for damages by G. against said contractors, it was HELD :

1st. That in actions of this kind the proximate cause alone is to be considered; and by proximate cause, as used in this connection,

is meant that the damage must be the direct and natural consequence of the defendant's negligence, without any intervening force or power operating as a cause of the injury.

2nd. That proof of the defective condition of the grate attached to the smoke-stack of the engine as a spark arrester, by a witness who was on the engine at the time the fire happened, and who shortly afterwards saw the grate, but did not see it either before or on the day of the fire, although not conclusive as to the condition of the grate at the time of the fire, was evidence, and proper to go to the jury.

3rd. That it was the duty of the defendants to see that the spark arrester was in proper repair, and if it was not in proper repair, in consequence of which sparks escaped from the engine, and set fire to rubbish along the road, and spread thence to the plaintiff's land, these facts were sufficient to justify the jury in finding negligence on the part of the defendants, and that the destruction of the plaintiff's property was the direct and natural consequence of such negligence.

Whether a person did in fact sign a release of damages, and whether in doing so he was misled and deceived by false representations, are questions for the jury.

Where the plaintiff charges that his property was destroyed by sparks of fire from a certain "steam shovel plough," or "steam engine" operated by the defendants, and the proof shows that the fire was caused by sparks from a steam engine used by the defendants in working a shovel plough, there is no substantial variance between the allegation and the proof. It is enough if the substance of the issue is proved, and variance in form merely, or in matter immaterial, will not be regarded.

APPEAL from the Circuit Court for Harford County.

The appellee sued the appellants to recover for damages, alleged to have been caused by the negligent act of the defendants, in setting fire to the plaintiff's growing timber. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Julian I. Alexander*, for the appellants.

*John F. Gontrum,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The law as applicable to this case, was, we think, fairly put to the jury, and whatever grounds the defendants may have to complain of the damages awarded by the jury, they have no ground it seems to us to complain of the instructions granted by the Court.

The defendants were contractors for the grading of a section of the Philadelphia extension of the Baltimore and Ohio Railroad, and in grading the road they used what is commonly known as a steam shovel plough, in other words, a shovel plough with a steam engine attached. Sparks from the engine, set fire to dead grass and rubbish along the side of the road, and spread thence to the woodland of the plaintiffs adjoining the road-bed, destroying about one hundred and fifty acres of growing timber.

We quite agree that in actions of this kind, the *proximate cause* is alone to be considered, and by proximate cause, as used in this connection, we mean that the damage must be the direct and natural consequence of the defendants' negligence, without any intervening force or power operating as a cause of the injury. But we cannot agree that the plaintiff failed to offer any evidence legally sufficient to justify the jury in finding such negligence. On the contrary, the witness Brown, who was on the engine at the time the fire happened, and who shortly afterwards saw the grate which was attached to the smoke-stack for the purpose of preventing the escape of sparks, says, *"it was full of big holes,"* and *"was, in fact, worn out."* He did not see, it is true, the grate either before, or on the day of the fire, and it may be said that his evidence is not, therefore, conclusive as to its condition at the time of the fire. But it was, to say the least, evidence, and proper to go to the jury; and besides, it was open to the defendants to rebut any presumption arising from such evidence by prov-

ing the actual condition of the grate at that time.    This, however, they entirely failed to do.    It was their duty to see that the spark arrester was in proper repair, and if it was not in proper repair, in consequence of which sparks escaped from the engine and set fire to rubbish along the road and spread thence to the plaintiff's land, these facts were sufficient to justify the jury in finding negligence on the part of the defendants, and that the destruction of the plaintiff's property was the direct and natural consequence of such negligence.

This question was fully considered in the case of *Annapolis & Elkridge R. R. Co. vs. Gantt*, 39 *Md.*, 115.    In that case sparks from the engine of the defendant company set fire to dead grass and bushes on the side of the road-bed, and spread thence to the land of the plaintiff adjoining, and it was argued in that case as in this, that the injury was too remote, and the decisions in *Ryan vs. New York Central R. R. Co.*, 35 *N. Y.*, 210, and *Penna. R. R. Co. vs. Kerr*, 62 *Penna.*, 353, now cited by the appellants, were relied on in support of this contention.    But the Court said, "The fact that the fire began upon the side of the railroad and spread to the plaintiff's land, cannot, in any just sense, be said to render the injury suffered by him of a nature merely remote and incidental within the meaning of the rule.    The fire consumed his property in its natural and direct course, without any 'intervening force or power to stand as the cause of the misfortune,' and the injury suffered was, therefore, its proximate effect."    And the principle thus laid down was recognized and approved in *Phila., Wilm. & Balto. R. R. Co. vs. Constable, et al.,* 39 *Md.*, 149, and *Balto. & Ohio R. R. Co. vs. Shipley*, 39 *Md.*, 251, and is fully sustained by the general current of decisions both in this country and in England.    *Piggott vs. Eastern Counties Railway Co.*, 54 *Eng. Com. Law,* 229 ; *Smith vs. London & S. W. R. R. Co.*, L. R., 5 *C. P.*, 98; *Perley vs. Eastern R. R. Co.*, 98 *Mass.*, 414 ; *Fent vs. Toledo, &c., R. R. Co.*, 59 *Ill.*, 349.

Ryan and McDonald *vs.* Gross.

We come then, to the questions arising under the release. The defendants offered in evidence a paper purporting to be signed by the plaintiff, releasing them from all damages occasioned by the fire, and proved by the witness, Rever, that he paid the plaintiff one hundred dollars in full settlement for his claim of damages, and thereupon he, the plaintiff, signed the release offered in evidence. On the other hand, the plaintiff admits the payment of the one hundred dollars by Rever, but says it was paid to him in consideration of an assignment of his leasehold interest in the woodland to Ripple and Judik, and denies he ever signed any paper releasing the defendants from the payment of damages claimed in this suit. And here we may add, that his testimony in this respect, is strongly corroborated by other witnesses. But be that as it may, whether he did in fact sign it, and if he did, whether he was misled and deceived by the representations of Rever, were questions which the Court properly submitted to the finding of the jury. We cannot agree, there is no evidence that he was so misled and deceived. He may have signed the paper believing it was a conveyance of his leasehold interest in the land to Ripple and Judik, and if he did so sign it he must have been misled or deceived in some way by the representations of Rever.

Then, as to the last point, the alleged variance between the cause of action as set out in the declaration and the evidence offered at the trial to support it, we have but a word to say. The plaintiff charges that his property was destroyed by sparks of fire from a certain *"steam shovel plough"* or "steam engine" operated by the defendants, and the proof shows that the fire was caused by sparks from a steam engine used by the defendants in working a shovel plough. This does not seem to us to be a substantial variance between the allegation and the proof. Whatever strictness in this aspect may have been required in some of the earlier cases, it is quite well settled now that one is

not bound to make good his allegation to the letter. It is enough if the substance of the issue is proved, and variance in *form merely* or in *matter immaterial,* will not be regarded. And when the plaintiff charges that the fire was caused by sparks from a steam shovel plough or steam engine, proof that it was caused by sparks from a steam engine used in working and operating a shovel plough, is sufficient. *Com. Dig. Pleader (sec.* 26) ; *Vin. Abr. Evidence (No. a* 10) ; *Price vs. Brown, Strange,* 690 ; *Coare vs. Giblett,* 4 *East,* 85.

*Judgment affirmed.*

(Decided 27th January, 1888.)


MILLER, J., delivered the following separate opinion :

I agree to the affirmance of this judgment, but must say a word as to the question of *variance.* The point raised by the defendants' third prayer is, that the declaration counts on the injury as done by the stationary engine which operated the shovel plough, whereas the proof shows that the fire was caused by sparks emitted from the locomotive engine, used in hauling over a dump track the dump cars into which the dirt excavated by the plough was loaded. The proof, as I read it, clearly shows that the fire was caused by sparks from this locomotive, and it was so conceded at the trial as is manifest from the plaintiff's second and third prayers. But I regard the language of the declaration as broad enough to cover damage caused by such engine.

(Filed 13th June, 1888.)