## AMERICAN PAVING & CONTRACTING CO.

### vs.

## JACOB C. DAVIS.

*Declarations: sufficiency; evidence need not be included. Negligence: stationary engine; fire sparks—; spark arrester; damage to furniture; expert witnesses.*

All that is required of a declaration, in the way of allegations, is that it should set out such reasonable averments as will fully apprise the defendant of the nature of the charge against him, and enable him to prepare his defense.        p. 481

The pleader is not required to set out in the declaration the evidence upon which he relies to establish his cause of action.

p. 481

In an action for damages for the injury done the plaintiff by the negligence of the defendant in its operation of an engine used in grading a road, near the plaintiff's dwelling, there need be no exact allegation as to the exact character of negligence complained of.        p. 481

The rule for the care to be used in such cases is that it must be commensurate with the risk or hazard involved.        p. 481

The mere fact that after the fire the defendant used a spark arrester on the engine is not admissible in evidence, as a confession of liability.        p. 481

A witness who has testified that he was a cabinet-maker, and that he was familiar with the cost of repairing furniture, and that he had seen the furniture for which damages were being claimed, for its injury by fire because of the defendant's negligence, is competent to testify as to the cost of repairing the furniture.        p. 483

In an action for damages because of injury by fire, through the negligence of the defendant, evidence that the plaintiff had received insurance money from the insurance he carried against loss by fire, is not proper for the consideration of the jury.

p. 485

*Decided January 13th, 1916.*

Appeal from the Court of Common Pleas of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George W. Lindsay* (with whom were *Richard B.* and *J. Royall Tippett,* on the brief), for the appellant.

*W. Calvin Chesnut* and *W. Carroll Hunter,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

The declaration in this case contains three counts. In the first count it is alleged that on the 18th of September, 1914, the plaintiff was the owner and occupant of a frame dwelling house on the northeast corner of Old York road and Wyanoke avenue, in Baltimore City, known as number 600 Wyanoke avenue, and also the owner of a large quantity of furniture and other household articles contained in said dwelling; that on the day mentioned the defendant, its servants and agents, were engaged in grading a portion of Old York road, one of the public highways of the city, and in the prosecution of the work operated a steam shovel opposite and in close proximity to the dwelling of the plaintiff, and that in consequence thereof the dwelling, furniture and other household articles of the plaintiff were partially destroyed by fire occasioned by sparks emitted from the shovel while being so operated, and was further damaged in an effort to extinguish the fire and to save the property from total destruction, and the plaintiff was also deprived of the use of the property for two and a half months; that the sparks were so emitted because the defendant, its servants or agents, negligently and wrongfully used upon the highway mentioned a steam shovel

which was so constructed and equipped as to make its use
dangerous to all buildings near the place of its operation,
and that the fire was due to the lack of ordinary care on the
part of the defendant, etc., in the selection and equipment of
the steam shovel, and not to any negligence on the part of the
plaintiff directly contributing thereto. The second count
charges that the sparks were emitted because the steam shovel
was negligently and carelessly operated by the defendant,
etc., and the third count alleges that the sparks were emitted
because of the negligence and carelessness of the defendant,
etc., in no providing the steam shovel with suitable fixtures
for preventing the emission of sparks therefrom after allow-
ing a sufficient draft to create sufficient steam to properly
propel the shovel, etc.

The defendant demurred to the declaration and each count
thereof, but the Court below overruled the demurrer, and the
trial of the case resulted in a verdict and judgment in favor
of the plaintiff for $1,382.50, from which judgment the de-
fendant has appealed.

During the trial the defendant reserved eleven exceptions,
the first ten of which are to rulings of the Court below on
the evidence, and the remaining exception is to the action of
the lower Court on the prayers. As the defendant's first,
third and fifth prayers present the contention of the defend-
ant, that there is no evidence in the case legally sufficient to
entitle the plaintiff to recover for the damage caused by the
fire to either the dwelling or furniture, they will, for the sake
of brevity, be considered in connection with the ruling on the
demurrer.

The plaintiff's house was located on the corner of Old
York road and Wyanoke avenue, with a frontage of twenty-
two feet on Wyanoke avenue and a depth of fifty-two feet
on the Old York road. It was a frame dwelling, covered
with wooden shingles, which had been on the house about
twenty-five years. For some time prior to the fire, which
occurred on the 18th of September, 1914, the defendant was
engaged in grading Old York road, and in doing the work

used a steam shovel. The diameter of the smokestack of the engine, which extended several feet above the cab, was about ten inches. At the time of the fire the shovel was being operated at a point west of, and about thirty feet from, the rear end of the plaintiff's dwelling, and the wind, which was blowing from the west, carried the sparks from the smokestack to the plaintiff's house. There had been no rain for some time, and the shingles on the roof of the house were very dry. The defendant had been operating the steam shovel in the neighborhood for about ten days, and a number of witnesses testified that when the steam shovel was in operation large and glowing embers or sparks, ranging in size from that of a chestnut to that of a pigeon egg, were emitted in large quantities from the smokestack and blown from thirty to forty feet in the air. James A. Clark, the captain of No. 31 Engine Company, testified that while his company was engaged in extinguishing the fire, and he and the engineer of the company were on the third floor of the plaintiff's dwelling, sparks from the steam shovel about the size of his little finger fell upon them. The evidence also shows that there was no fire in the house during the afternoon of the day of the fire, and that the fire which destroyed the third story of the dwelling and caused the damage complained of, started on the roof and on the side next to where the steam shovel was in operation, and that the steam shovel was not provided with a spark arrester of any kind.

The contention of the appellant is that the declaration does not specify the particular act or acts of negligence relied upon, and that the evidence fails to show that the fire was caused by sparks from the steam shovel or was due to any act of negligence on the part of the defendant. In *Sims* v. *American Ice Co.,* 109 Md. 68, the first count charged that the sparks which caused the fire "were thrown out because the said defendants had negligently and wrongfully used upon the said line of railroad engines which were so constructed and equipped as to make the use of said engines dangerous to all combustible property near the line of said

railroad," and that the fire was due to the lack of ordinary
care on the part of the defendants in the selection and equip-
ment of the engines, and the second count alleged that the
sparks "were thrown out because the said engines were neg-
ligently and carelessly operated." The attention of the Court
was directed to the declaration by the prayers and also by a
demurrer to one of the pleas, and the Court below sustained
the demurrer to the plea, and this Court, on appeal, affirmed
the judgment in favor of the plaintiff. The allegations in
the present case are not less specific. The pleader is not
required to set out the evidence upon which he relies to estab-
lish his cause of action. All that is required of him is such
reasonable certainty in the averments as will fully apprise
the defendant of the nature of the charge against him, and
enable him to prepare for his defense. *Phelps* v. *Howard
County,* 117 Md. 175. Negligence in such cases may consist
in the use of a steam shovel not properly constructed, or which
was not in good order, or not supplied with suitable fixtures
to prevent injury from fire, or may consist in the failure to
exercise such care and diligence in using the same as would
be exercised by skillful, prudent and discreet persons under
like circumstances; *B. & S. R. R. Co.* v. *Woodruff,* 4 Md.
242; *B. & O. R. R. Co.* v. *Shipley,* 39 Md. 251; 33 *Cyc.*
1332-36.

In the case of *Green Ridge R. R. Co.* v. *Brinkman,* 64 Md.
52, the Court said: "In the plaintiff's third prayer the jury
were told that if they believed from the evidence that the
engine 'habitually scattered sparks to such an extent as to
endanger combustible material along the line of the road,' it
is a fact from which they may find negligence on the part of
the defendant. In *A. & E. R. R. Co.* v. *Gantt,* 39 Md. 135,
a witness stated that he had seen the engines 'scattering large
sparks in passing, capable of setting fire to combustible arti-
cles along the road; and that about a week before he had put
out a fire in the leaves caused by these sparks; but he could
not say that he had ever seen any such sparks from the
locomotive that was drawing the freight train on the morn-

ing of the fire.' CHIEF JUDGE BARTOL, in delivering the opinion of the Court, said: 'We entertain no doubt that this was competent and admissible evidence, both for the purpose of proving that the fire in question was occasioned by the locomotives, and as tending to prove negligence on the part of the defendant, in the construction and management of its engines.' " In the case of *Hodges* v. *Baltimore Engine Co.*, 126 Md. 307, 94 Atl. 1040, where there was evidence to show that the engine which was alleged to have caused the fire was not equipped with a spark arrester, and that sparks were emitted from the smokestack when the engine was in operation, JUDGE PATTISON, speaking for the Court, said: "What constitutes ordinary care and prudence in cases of this character depends upon the circumstances of the particular case. The greater the danger of communicating fire to the property of others, the more precautions and the greater vigilance will be necessary in order to measure up to the requirements of ordinary care," and then quoted the statement of the Court in *Martin* v. *McCrary*, 115 Tenn. 316, 1 L. R. A. (N. S.) 530: "The degree of care required by one threshing wheat with a steam thresher, in respect of setting fires, is the same as that devolved upon railway companies in the use of their engines. That rule, as laid down in *Louisville & N. R. Co.* v. *Fort*, 112 Tenn. 432, 80 S. W. 429, is that 'care commensurate with the risk or hazard' must be used. In the same opinion the degree of care required is thus characterized: 'A degree of care and prudence commensurate with the danger to which this property is exposed by them in the lawful conduct of their business.' * * * 'As the danger necessarily attending the use of fire in locomotives is far greater in some places and upon some occasions than others, what is reasonable care in their equipment and management must always depend upon the facts and circumstances of each case. What would be ordinary care in the operation of them in the country, or in a wet season, might be gross negligence in a town or city, or in a drouth, where and when the danger of communicating the fire is, in the very

nature of things much greater.' " See also *B. & S. R. R. Co.* v. *Woodruff, supra; B. & O. R. R. Co.* v. *Shipley, supra; Ryan* v. *Gross,* 68 Md. 377; *Sims* v. *American Ice Co., supra.*

Upon the authorities cited the declaration was not open to the objection urged against it, and we think the evidence was legally sufficient to support its averments, and that it was for the jury to determine whether the fire was caused by sparks from the steam shovel, and whether under the circumstances the defendant was guilty of negligence in the operation of the steam shovel and in failing to equip it with a spark arrester.

There was no error in the ruling in the first exception. The witness had already testified to the condition of the furniture as the result of the fire; that he was a cabinet maker; had made many sets of furniture and knew from experience the cost of repairing furniture. He was therefore competent to state what it would cost to repair the furniture that was damaged by the fire.

The second, third, fourth, fifth, sixth, seventh and eighth exceptions are to the testimony of a number of witnesses who observed the size and quantity of sparks emitted from the smokestack of the steam shovel while it was in operation near the plaintiff's property within a few days before or after the fire, and to evidence to the effect that one of the plaintiff's neighbors had to use a hose to wet his house in order to prevent it from catching fire, and that when, a few days after the fire, the defendant's servants put a wire hood or screen over the smokestack, the sparks were very much smaller. Under the rulings in *Gantt's Case, supra,* and *Ryan* v. *Gross, supra,* this evidence was clearly admissible, not only for the purpose of showing that the fire was caused by the sparks from the steam shovel, but also as tending to show negligence on the part of the defendant. The mere fact that the defendant or its servants after the fire put a wire hood or screen over the smokestack would not be admissible for the purpose of establishing an admission of liability by the defendant

(*Ziehm* v. *United Electric, etc., Co.,* 104 Md. 48; *Co-
lumbia & P. S. R. Co.* v. *Hawthorne,* 144 U. S. 202), but
evidence of the effect of the screen was admissible as reflect-
ing upon the question whether the defendant had exercised
proper care and caution to avoid injury to the plaintiff's
property.

The ninth exception is to the refusal of the Court to allow
the witness to say whether the steam shovel in question threw
out any more sparks than steam shovels usually throw out.
In *Baltimore and York Turnp. Co.* v. *Crowther,* 63 Md. 558,
the defendants offered evidence to show that it was a com-
mon thing on other turnpikes and roads in Baltimore County
to find the central or artificial portions elevated above the
sides fully as much as the macadamized part of the defend-
ant's road at the place in question, but the Court sustained
the plaintiff's objection to the evidence, and in disposing of
the exception JUDGE MILLER said: "It was the duty of the
jury to decide whether this particular road was safe by evi-
dence of its actual condition, and not by comparing it with
the condition of other roads. The fact that similar defects
existed in other roads affords the defendants no excuse for
their neglect of duty with respect to their own road." Upon
the same principle the evidence referred to in this exception
was properly excluded. See also *Wood* v. *Heiges,* 83 Md.
271.

A witness for the defendant having stated that in operat-
ing a steam shovel, the shovel "excavates dirt, lifts it and
deposits it in wagons which haul it away at a distant point.
The horses and wagons get as close to the shovel as possible,"
was asked if "any of the horses were burned as result of
sparks emitted from steam shovel?" and the tenth exception is
to the refusal of the lower Court to allow the question to
be answered. It is not clear that the evidence of this wit-
ness referred to the operation of the particular shovel in
question while it was employed in the neighborhood of the
plaintiff's property, or that the witness ever saw the steam

shovel while engaged in that work, and the fact that no horses had been burned could not have aided the jury in determining whether the fire which injured the plaintiff's house was caused by sparks from the steam shovel, or whether the defendant had used proper care to avoid injury to the same.

The defendant's second prayer was withdrawn. Its fourth prayer asserted the proposition that if the plaintiff's house was insured, and he received the sum of $885.00 from the insurance company in payment of the loss caused by the fire, he was not entitled to recover, and is disposed of by the case of *City Pass. Ry. Co.* v. *Baer,* 90 Md. 108, where it was said: "The sixth prayer asserts the correct proposition that any sick benefits received by the plaintiff from any other source than the defendant were not to be considered by the jury in making up their verdict," and the case of *Ches. Iron Works* v. *Hochschild,* 119 Md. 303, where this Court said: "The rule seems to be well established by the authorities that the fact of insurance cannot be set up in mitigation of damages whether such reduction is set up in mitigation in case of fire, life, marine or accident insurance."

Plaintiff's first prayer was approved in *Sims* v. *American Ice Co., supra.* No objection was urged in this Court to the plaintiff's third prayer except that the case should have been withdrawn from the jury, and the objection to plaintiff's fourth prayer, which instructed the jury that they were not to consider the payment made by the insurance company, is disposed of by what we have said in reference to defendant's fourth prayer.

Finding no error in the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*