HENRY DUFFY.

---

# BALTIMORE CITY COURT

Filed December 28, 1921.

JACOB LOWENTHAL

VS.

UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE.

*Burdette B. Webster* and *Michael James Manley* for plaintiff.

*J. P. Thom, Edward J. Colgan* and *Wallis Giffen* for defendant.

DAWKINS, J.—

A very interesting question is here presented. A defense is set up by the

pleas that the plaintiff was not the real one to sue at the time the suit was instituted, but that the real party plaintiff should be a person or corporation to whom the beneficial rights of the plaintiff have been assigned. Ordinarily this seems a fair and proper proposition that the party in actual interest should be the one to bring the suit. In this class of cases, however, in Maryland and in other States the practice has been so far as it has approved to have considered to have such cases proceed in the name of the injured party. The weight of authority seems to be undoubted that the assignee's name is not necessary to appear. The system of insurance payments in these actions arising from torts is comparatively modern. In the absence of notice from an assignee of the claim, taken in connection with the fact that the action cannot be brought in the name of an assignee without the assignee's name being used, it is difficult to see how any possible injury could ensue to the defendant. The plaintiff may have collected insurance, yet he may not have collected for the full extent of his wrong. The insurance company by their silence would seem to be doing just what counsel for the plaintiff suggested, "willing to trust the plaintiff." If so, what has the defendant to do with it?

A case has been decided in the Superior Court almost identical with the present case, Blaustein vs. The Baltimore Transit Company, in which a demurrer to similar pleas was sustained.

The Court, in the case of Dashiell vs. Baltimore, 45 Md. 621, in discussing the rights and necessities of equitable and legal plaintiffs, makes a statement that is very significant as applied to the present case. "The judgment is entered in the name of the legal plaintiff and it is nothing to the defendant who may be entitled to the equitable interest."

A more recent case is that of American Paving and Contracting Company, 127 Md. 477, which is a very familiar case in which it is expressly stated that "In an action for damages—through the negligence of the defendant evidence that the plaintiff had received insurance money from the insurance be carried against loss—is not proper for the consideration of the jury."

To the same effect are the cases of City Pas. Rwy. Co. vs. Baer, 90 Md. 108, and 129 Md. 303, Chesapeake Iron Works vs. Hochschild.

For the reasons stated the demurrer to the pleas are sustained.