## MARIA RILEY *vs.* EPHRAIM LISSNER.

Suffolk.   November 17, 1893. — January 4, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Conduct leading Another into Trap — Negligence —
Action.*

If a person who undertakes to clean a cesspool in the kitchen of a house, after dipping out and carrying away a number of pailfuls, takes everything away, replaces the cover, and goes off, and the tenant of the house, assuming that the work of cleaning the cesspool has been finished, in the course of her work steps upon the cover, which has not been replaced properly, and a corner of it tips, and she falls into the hole and is injured, she may maintain an action for her injury against such person.

HOLMES J.   This is an action for personal injuries suffered by the plaintiff in consequence of falling into a cesspool in a kitchen hired by her of the defendant. The defendant had undertaken to clean the cesspool, and there was some evidence that the defendant and his man, after dipping out and carrying away a number of pailfuls, took everything away, replaced the cover, and went off, so that the plaintiff was warranted by their

behavior in understanding that they had finished their task. There was evidence also that the accident was caused by the cover not having been replaced properly, and that, when the plaintiff stepped upon it in the course of her work, a corner tipped and let her into the hole. This may not be the most probable view of the facts, but it is a possible one, and if the jury took it they were warranted in finding the defendant liable, not as landlord, but as having led the plaintiff into a trap by his conduct. *Gill* v. *Middleton*, 105 Mass. 477. *Brow* v. *Boston & Albany Railroad*, 157 Mass. 399. *Elliott* v. *Pray*, 10 Allen, 378. For the jury might have found that it was reasonable that the defendant should 'put the cover of the cesspool back into its proper place when he finished work, (*Kent* v. *Todd*, 144 Mass. 478, 491,) and therefore that he had warranted the plaintiff in assuming that he had done so, or, as the plaintiff put it, that he would not leave the cover on the hole and leave it unsafe for her to step on it.                          *Exceptions overruled.*

*T. J. Morrison,* for the defendant.

*H. N. Collison,* (*H. S. Courtney* with him,) for the plaintiff.