## IDA M. HARVEY *vs.* HORACE R. CRANE.
## SAME *vs.* H. R. CRANE COMPANY.
## WILLIAM H. HARVEY *vs.* HORACE R. CRANE.
## SAME *vs.* H. R. CRANE COMPANY.

Suffolk.   March 16, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Gross.

At the trial of an action by a woman for personal injuries received when the plaintiff fell through an open trap door which opened to a stairway connecting the kitchen of a tenement occupied by the plaintiff on the second floor of a building with an undertaking establishment of the defendant on the first floor, there was evidence tending to show that the trap door was closed and barred previous to the day of the accident; that, when closed, it was flush with the floor and entirely covered the opening, which was near to the outside wall of the kitchen; that there was a window directly over the opening; that the opening was guarded by a fence enclosing it on all sides except about six or eight inches at the entrance to the stairway and except the entrance itself, which was about twenty-three inches wide; that on the morning of the accident the defendant said to the plaintiff that, if " she was going to be out in the afternoon," he would oil the kitchen floor and asked her to unfasten the trap door so that he could get up stairs; that she did so and, during her absence, the defendant opened the trap door, entered the tenement, oiled the floor and left without closing the trap door; that the plaintiff, returning when the kitchen was very dark, without making a light walked across the kitchen to pull down the shade at the window, fell through the opening and was injured.   There was uncontradicted evidence that whatever service was performed by the defendant in the plaintiff's kitchen was gratuitous.   *Held,* that

(1)  There was evidence warranting a finding that the defendant was grossly negligent;

(2)  Aside from St. 1914, c. 553, there was evidence warranting a finding that the plaintiff was in the exercise of due care.

FOUR ACTIONS OF TORT, the first and second actions being for personal injuries caused by the leaving open, by the defendant in the first action while acting as the servant or agent of the

defendant in the second action, of a trap door beneath which was a stairway connecting the kitchen of a tenement occupied by the plaintiff and her husband with an undertaking establishment occupied by the defendant corporation; and the third and fourth actions being by the husband for consequential damages. Writs dated March 17, 1919.

The actions were tried together before *Lawton*, J. The bill of exceptions states: "There was uncontradicted evidence that whatever service was performed by the defendant the day of the accident in the kitchen of the plaintiff, was a gratuitous service for which the defendants made no charge and for which the defendants received no compensation." Other material evidence is described in the opinion. At the close of the evidence, motions by the defendants that verdicts be ordered in their favor were denied. The jury found for the plaintiff in the first and second actions in the sum of $2,500, and for the plaintiff in the third and fourth actions in the sum of $1,000; and the defendants alleged exceptions.

*D. J. Maloney*, for the defendants.

*H. A. Murphy*, for the plaintiffs.

CARROLL, J. These four actions of tort were brought to recover damages for injuries received by Mrs. Harvey, hereafter called the plaintiff, by falling through an opening of a stairway leading from the kitchen of her tenement. One action by her is against H. R. Crane (hereinafter called the defendant) and one against the Horace R. Crane Company, owner of the building, of which company the defendant was president and manager. The other actions are brought by the plaintiff's husband against the same defendants for consequential damages. The cases went to the jury on the count alleging gross negligence. The verdicts were for the plaintiffs and the cases are before us on the exceptions by the defendants to the denials of their motions for directed verdicts.

There was evidence that the plaintiff's tenement consisted of five rooms on the second floor, access from the front of the building being by a stairway leading to the front hall and a door from this hall opening into the kitchen. The first floor of the building was occupied by the undertaking establishment of the H. R. Crane Company, the rear room of which was directly under the kitchen.

A steep and narrow stairway leads to the kitchen from the defendant's rear room. The opening was covered by a trap door which when closed was flush with the floor and entirely covered the opening which was close to the outside wall of the kitchen. There was a window directly over the entrance to the stairway. The opening of the stairway was guarded by a fence protecting all sides of it except about six or eight inches at the entrance to the stairway; and except the entrance itself, which was twenty-three inches wide. The jury viewed the premises.

On the morning of the accident the defendant said to the plaintiff if " she was going to be out in the afternoon " he would oil the kitchen floor and asked her to unfasten the trap door so that he could get up stairs. In the afternoon, before leaving the tenement, she removed a stick from the door, which prevented it from being opened from underneath, the door at the time being closed. During her absence the defendant entered the tenement by the rear stairway and oiled the floor. When the work was finished he left the premises, but neglected to close the trap door. It snowed on the day of the accident, January 3, 1919, and when the plaintiff departed from the house it was daylight, although cloudy and dark. When she returned, about five o'clock in the afternoon, she entered from the front hall, there were no lights in the house and " the kitchen was very dark." She removed her hat and coat and after placing some bundles on the kitchen table, went to the window to draw the shade before lighting the gas, and as she reached for the curtain, she fell through the open stairway to the floor below, receiving severe injuries. The plaintiff testified that on her return there were papers on the floor which were not there when she went out; that she could have lit the kitchen light if she desired; that at night, unless there was a light, one could not see whether the trap door was up or down.

The defendant should have known that the open trap door was a source of danger to the occupants of the tenement, that they might return when it was dark, when the opening might not be observed and the danger seen. It was his duty to close the door, protect the opening, or to take some precaution so that the plaintiff would be warned against the danger. The conduct of the defendant was clearly negligent. *Kent* v. *Todd*, 144 Mass. 478,

491. *Riley* v. *Lissner,* 160 Mass. 330. And the· jury could find that the defendant's conduct in leaving the opening uncovered, when it was within his power to have prevented the injury, disclosed such inattention to the duty he owed the plaintiff, was so heedless of her rights, and showed such forgetfulness of the consequences likely to result from his careless act, that it was greater in degree than ordinary negligence and amounted to gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487. *Altman* v. *Aronson,* 231 Mass. 588. *Bergeron* v. *Forest,* 233 Mass. 392.

It was not unreasonable for the plaintiff to expect that the defendant would close the door when leaving the tenement, and without considering St. 1914, c. 553, her due care was for the jury to decide. *Riley* v. *Lissner, supra. Drennan* v. *Grady,* 167 Mass. 415. *McLeod* v. *Rawson,* 215 Mass. 257, 260.

*Exceptions overruled.*