STEIN, ET AL. *v.* OVERLOOK JOINT VENTURE

[No. 134, September Term, 1966.]

*Decided March 17, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and FINAN, JJ.

*Louis H. Cohen* for appellants.

*Thomas A. Farrington* and *Lansdale G. Sasscer, Jr.,* with whom were *Sasscer, Clagett, Powers & Channing* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

In this tort action brought by the next friend of an eight-year-old child (Ava Stein) for personal injuries and by her

father (Nathan Stein) for loss of services sustained as the result of the child walking into a glass panel in an apartment building she mistook to be an open space, the lower court directed a verdict for the association of owners (Overlook Joint Venture) on the grounds that primary negligence had not been proven and that, even if it had been, the child was contributorily negligent as a matter of law, and this appeal followed.

The accident occurred on December 15, 1963 while the child with the permission of her mother was visiting the apartment of an adult friend who was a tenant in the building. The friend took her guest, along with two other children, to the apartment in an automobile. The child had never been there before. On arrival, the friend opened the entranceway door and led the children into the building and up to her apartment. About thirty minutes later, having received permission to go outside and look at the Christmas decorations in a window of the apartment, the child went out by herself. She was injured as she approached the entranceway. The glass panel was directly across an interior hallway from the bottom of the staircase and, together with the door and another glass panel on the opposite side, was a part of the entranceway framework separating the hallway from the exterior landing. The panel was made of clear glass—two and one-half feet wide, seven feet high and three-sixteenths of an inch thick. There were no decalcomanias (decals) or other markings on the glass at the time of the accident. The building in which the accident occurred was one of five similar buildings in a complex of apartments having like entrances, but the side panels of some were monogrammed with decals.

Prior to trial, the plaintiffs, pursuant to Maryland Rule 417, sought to discover by way of an interrogatory all "records and/or reports of glass breakage replacements and/or injuries sustained in any of the Overlook Apartments arising out of said breakage during the period from December 1, 1962, through and including December 15, 1964." The defendant excepted to the interrogatory on the premise that the information it sought as to previous accidents was not discoverable, and the trial court, over the motion of the plaintiffs to require an answer to the interrogatory, sustained the exception.

At the trial, a maintenance engineer, formerly employed by the owners, besides stating that the glass panel in question had been cleaned on the day before the accident, testified that he had actual knowledge of six or seven other persons walking through glass panels in the hallways of the several apartment buildings in the complex; that all of the accidents were reported to the resident manager as his immediate superior; that he had discussed with her the existing dangerous conditions; that he had suggested that decals or bars be placed on or across all clear glass panels; and that all of the panels had decals at one time but that when panels were broken and replaced no decals were affixed to the replaced panels. During the course of the trial, the court refused to admit a portion of the building code, offered as evidence of accepted architectural practices, which was not enacted until after the happening of the accident. The court also refused to allow as evidence a section of the building code concerning the responsibility of an owner for the safe maintenance of a building and its exit facilities.

The questions presented by the appeal are: (i) whether the court erred in refusing to compel the defendant-appellee to answer the challenged interrogatory; (ii) whether the court erred in refusing to admit as evidence the proffered sections of the building code; and (iii) whether the court erred in directing a verdict for the defendant-appellee.

(i)

Under the circumstances of this case, we agree with the appellee that the court did not err in refusing to compel the production of all records and reports of all glass breakage replacements and of all injuries sustained as a result of such breakages during the two-year period specified. While the court, pursuant to Rule 406 a(5), properly could (and perhaps should) have limited the scope of discovery of prior accidents to such relevant information as showed the tendency of the glass panels to break when pressure was applied as well as to such notice and knowledge that the owners had of the dangerous characteristics of the panels, *Locke, Inc. v. Sonnenleiter,* 208 Md. 443, 118 A. 2d 509 (1955) and *Rocks v. Brosius,* 241 Md. 612, 217 A. 2d 531 (1966), it is apparent that the interrogatory as

framed, in that it sought all records and reports of all breakages without regard to the type of glass broken or the cause of the breakage, was entirely too broad and exceeded the bounds of what was relevant to the pending action. *Evans v. Johns Hopkins University,* 224 Md. 234, 167 A. 2d 591 (1961) ; Rule 410 a. And since the plaintiffs, when they were apprised of the defects in the interrogatory, made no effort to limit the scope of the discovery they sought, we cannot say that the court abused its discretion in refusing to compel the defendant to answer the interrogatory. *Hirsch v. Yaker,* 226 Md. 580, 174 A. 2d 728 (1961) ; *Hallman v. Gross,* 190 Md. 563, 59 A. 2d 304 (1948). Aside from this, since the information sought before trial was produced in detail at the trial, it is clear that the plaintiffs were not prejudiced by having been denied discovery. See *Maged v. Yellow Cab Co.,* 237 Md. 340, 206 A. 2d 257 (1965) ; *Hawk v. Wil-Mar, Inc.,* 210 Md. 364, 123 A. 2d 328 (1956).

(ii)

We also agree with the appellee that the court did not err in refusing to admit that portion of the building code which was not enacted until after the happening of the accident. As authority for the claim that the court should have admitted § 859.56, setting forth the criteria for determining the safety hazards and regulating the strength and thickness of glass used in fixed glass panels which might be mistaken for means of egress or ingress, as evidence of the accepted architectural practices at the time of the accident, the appellants rely on *Edmonds, Inc. v. Vojka,* 332 F. 2d 309 (D. C. App. 1964). *There,* it was held that an ordinance enacted after a building was constructed but before the accident occurred was admissible to show a standard to be followed in maintaining the building even though the ordinance was not admissible as evidence of negligence. We think that the case, which appears to be the only authority on the point, is distinguishable from the case at bar. *Here,* the enactment of the ordinance *after* the accident happened, definitely precludes its use to establish a standard for maintaining glass panels that were constructed before the accident occurred. We therefore hold, as the lower court found, that the subsequently enacted portion of the building code did not

reflect the standard of care required at the time of the accident. See *Barnes v. Housing Authority*, 231 Md. 147, 189 A. 2d 100 (1963), *State use of Parr v. Prince George's County*, 207 Md. 91, 113 A. 2d 397 (1955), *Long v. Joestlein*, 193 Md. 211, 66 A. 2d 407 (1949) and *Stewart & Co. v. Harman*, 108 Md. 446, 70 Atl. 333 (1908) for comparable situations with respect to subsequently made repairs and alterations.

However, the admissibility of § 104.1, providing that the owner "shall be responsible for the safe * * * maintenance of the building or structure and its exit facilities at all times," presented a different situation. The trial judge, apprehensive that this section might mislead the jury into inferring that the owner was an insurer, ruled that the section was not admissible as evidence. While it may be, as the judge stated, that the section would not be of much assistance to the jury, it would not have been error to admit the proffered section into evidence under proper instructions that the duty owed by the owner for the safe maintenance of the exit facilities was that of reasonable care only.

(iii)

Moreover, we agree with the appellants that the court erred in directing a verdict for the appellee. The direction of a verdict in favor of a defendant is not justified if there is any evidence, however slight, legally sufficient to prove negligence. And, in ruling on the motion for a directed verdict, the facts should be considered in the light most favorable to the plaintiff. As the cases point out, the test of legal sufficiency, in a case such as this, is whether the evidence serves to prove a fact or permits an inference of fact that could enable an ordinarily intelligent mind to draw a rational conclusion therefrom in support of the right of the plaintiff to recover.

There was, we think, sufficient evidence of primary negligence to submit this case to the jury. Not only was there evidence that the defendant had knowledge and therefore notice of the dangerous characteristics of the clear glass panels, but there was also evidence of the failure of the defendant to replace the decals on the panels that had theretofore been accidentally broken from which an inference of negligence could be inferred. Evidence of prior accidents is admissible, not only to show no-

tice, but as bearing on the dangerous nature of the apparatus in-volved in the current accident. *Locke, Inc. v. Sonnenleiter, supra; Cordish v. Bloom,* 138 Md. 81, 113 Atl. 578 (1921). And a question as to whether an owner had knowledge or notice of the defective and dangerous conditions of its premises is generally for the jury to decide. *Rawls v. Hochschild, Kohn & Co.,* 207 Md. 113, 113 A. 2d 405 (1955) ; *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146, 143 Atl. 706 (1928).

We also think that the question as to whether or not the child was contributorily negligent should have been submitted to the jury. Not having been to the apartment building before and not having opened the door on entering the building and there being no evidence one way or the other as to whether or not the failure of the child to see the panel of clear glass was the proximate cause of the accident, the issue was one of fact for the jury and not one of law for the court. Contributory negligence, like primary negligence, is relative in nature and not absolute, and being relative, it necessarily depends on the particular circumstances of each case. *Boyd v. Simpler,* 222 Md. 126, 158 A. 2d 666 (1960) ; *Thomas v. Baltimore Transit Co.,* 211 Md. 262, 127 A. 2d 128 (1956). Again, like primary negligence, the answer to the problem, since the evidence and the inferences therefrom should have been considered in the light most favorable to the child, necessarily depended on the particular facts of the case. *Ensor v. Ortman,* 243 Md. 81, 220 A. 2d 82 (1966) ; *Brown v. Ellis,* 236 Md. 487, 204 A. 2d 526 (1964). Other than this, while the eight-year-old child was above the age when she could not ordinarily have been guilty of contributory negligence, *Kane v. Williams,* 229 Md. 59, 181 A. 2d 651 (1962), a child of tender years is not held to the same degree of care required of a reasonably prudent adult, but, rather, is held only to that measure of care which children of the same age and intelligence would be expected to exercise under similar circumstances. *McMahon v. Northern Central Ry. Co.,* 39 Md. 438 (1874) ; *Henkelmann v. Metropolitan Life Ins. Co.,* 180 Md. 591, 26 A. 2d 418 (1942) ; *Miller v. Graff,* 196 Md. 609, 78 A. 2d 220 (1951) ; *Mumford v. United States,* 150 F. Supp. 63 (D. Md. 1957). And if the evidence is conflicting, the question of contributory negligence of the child

should be resolved by the jury. *Henkelmann v. Metropolitan Life Ins. Co., supra.*

> *Judgment reversed and case remanded for a new trial; appellee to pay the costs.*