HARVEY J. JAILLET *vs.* GODFRIED HOME BAKERIES, INC.

Suffolk.    March 7, 1968. — May 6, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Store, Glass wall, Contributory.

Evidence of the circumstances in which one intending to go into a bakery to make a purchase was injured when he crashed into "a single sheet of clear clean glass" located opposite the entrance doors of the bakery and constituting the front wall of an outer vestibule having clear glass doors in its side walls warranted a finding of negligence of the proprietor of the bakery toward the prospective customer and did not require a ruling of law that the prospective customer was guilty of contributory negligence.

TORT. Writ in the Superior Court dated March 15, 1965. The action was tried before *Goldberg, J.*

*William F. Meara, Jr.,* for the defendant.
*Joseph Posner (Joel Kamens* with him) for the plaintiff.

SPIEGEL, J.    This is an action of tort for personal injuries sustained by the plaintiff when he walked into a pane of plate glass which formed the front wall of the entrance to the defendant's "bakery-delicatessen." The case is here on the defendant's exceptions to the denial of its motion for a directed verdict and a subsequent denial of its motion for entry of a verdict in its favor after a verdict for the plaintiff had been returned by the jury under leave reserved.

We summarize the evidence most favorable to the plaintiff. The "entire front of the . . . [defendant's bakery] was clear, aluminum framed glass to the left and the right

of an outer vestibule in the center of the front of the store."
The vestibule surrounded the front entrance which consisted
of two clear glass doors.  Opposite these doors was the
front wall of the vestibule, "a single sheet of clear clean
glass."  There were clear glass doors in the side walls of
the vestibule which were the means of ingress from the
outside.  On the day of the accident, the plaintiff drove
to the defendant's store, which he had never previously
visited, intending to purchase a cake.  "He got out of his
car and walked between some cars parked close to the front
of the center of the defendant's building.  Directly in
front of him, about twenty or thirty feet away, the plaintiff
looked toward the bakery and saw the bakery counters
and the inside of the bakery and a man coming through
the double doors of the bakery which were directly in front
of him.  As he came between two parked cars he glanced
down, stepped on the sidewalk, took one and one-half steps
and walked into the outer plate glass window-wall of the
vestibule.  He did not know there was a pane of glass there,
since to him there appeared to be nothing there.  His knee
struck the glass, his right hand went up and the glass
shattered . . . ."  The manager of the bakery "stated that
other people had approached the window thinking it was a
door or that there was nothing there . . . ."

The defendant admits that the plaintiff was a business
invitee to whom it owed the duty of due care "to keep the
premises in reasonably safe condition for such visitors' use
according to the invitation extended . . . ."  *LeBlanc*
v. *Atlantic Bldg. & Supply Co., Inc.* 323 Mass. 702, 705.
The defendant argues, however, that the "plaintiff's own
conduct constituted negligence" because the "use to which
the plaintiff put the glass window-wall" was not within
the purposes to which the defendant "intended [it] to
be put."

The defendant's intention does not relieve it of the obliga-
tion to refrain from creating a situation which is a source
of danger to its customers.  The plaintiff was invited to
use the vestibule and entrance to the defendant's premises.

It is not a question of whether the plaintiff was invited to crash through a pane of glass, but whether a reasonable man might fail to see the glass outer wall or side doors of the vestibule and believe that his path to the front doors was unobstructed.

The defendant cites several cases in which this court has denied recovery to persons injured in collisions with glass doors. These cases are distinguishable on their facts. In *Rosenberg* v. *Hartman,* 313 Mass. 54, the door "could not have been wholly invisible. Its handles, lock and fittings were in plain sight. A door is to be expected at the entrance of a store" (p. 55). In the case at bar, the plaintiff was confronted with a sheer pane of glass, and could reasonably have believed that there was nothing "to be expected" before he got to the doors which he could see. In *Flynn* v. *F. W. Woolworth Co.* 338 Mass. 789, the plaintiff pushed on a door she knew to be one and shattered the glass. And in *Valunas* v. *J. J. Newberry Co. Inc.* 336 Mass. 305, "the location and construction of the doors and panels were plain and obvious . . ." (p. 306).

Whether the plaintiff's conduct was reasonable and foreseeable, and whether the defendant failed in its duty to him, were questions of fact for the jury.

*Exceptions overruled.*