BLANCO, ᴇᴛ ᴀʟ. *v.* J. C. PENNEY
COMPANY

[No. 420, September Term, 1967.]

*Decided December 17, 1968.*

708

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Samuel Intrater,* with whom was *Albert Brick* on the brief, for appellants.

*Francis J. Ford* for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

Mrs. Blanco (appellant) tried to walk through a plate glass panel that "looked [to her] like an open door." The next thing she knew someone had "propped [her] up on a chair" and compresses were being applied to her face. When her suit against appellee (Penney) came on for trial in the Circuit Court for Montgomery County, the trial judge, Shearin, J., at the conclusion of her case, directed a verdict in favor of Penney.

In our discussion we shall keep in mind the familiar rule that the evidence, together with all proper and legitimate inferences to be drawn therefrom, must be considered in a light most favorable to appellant. *Rodriguez v. Lynch,* 246 Md. 623, 229 A. 2d 83 (1967).

Appellant entered Penney's store in Silver Spring, for the first time, in the late afternoon of 5 February 1966. The weather, for which she was dressed, was clear and cold. At the entrance there are 3 pairs of swinging doors made of glass set in white metal frames. On either side of this battery of doors there is a plate glass panel, the dimensions of each of which are the same as one of the swinging doors. On the day in question the left (outbound) panel was entirely clear of any marking or material which might draw attention to its presence. Appellant browsed about the store for a half hour or so before she retraced her steps to the entrance. Looking straight ahead she

walked into the panel, shattering the glass and sustaining the injuries for which she seeks to recover.

## I.

Appellant offered to prove by the testimony of appellant's husband and by photographs that about two weeks after her injury Penney replaced the shattered glass and pasted thereon decals giving the store hours and other information, and that the panel on the other end of the three double doors had been similarly treated. The purpose of this proffer, as stated by appellant's counsel, was not to establish an admission of liability on the part of Penney but to introduce evidence of the obvious effect of the decals as reflecting upon the question whether Penney had exercised proper care and caution to avoid causing injuries such as those sustained by the appellant. In excluding this evidence the court relied upon *Long v. Joestlein,* 193 Md. 211, 66 A. 2d 407 (1949) and *State ex rel. Parr v. Prince George's County,* 207 Md. 91, 113 A. 2d 397 (1955), but, in our judgment, neither case provides any support for such a ruling. In *State v. Prince George's County* we said:

"During Mr. Parr's testimony the trial judge refused to permit him to answer certain questions concerning other types of latches which were available for use on emergency doors in school buses. The appellants assign this as error. From the manner in which these questions were framed, we are of the opinion that the objections were properly sustained. If the objections had been overruled, the witness would have been allowed to testify as to locking devices available at the time of the trial which was twenty months after the accident. The questions did not confine his testimony to locks available at the time of the accident. That more efficient locking devices were available at the time of the trial could not affect the responsibility of the Board of Education at the time of the accident. *Ziehm v. United Electric Light & Power Co.,* 104 Md. 48, 61, 64 A. 61. In *Long v. Joestlein,* 193 Md. 211, 66 A. 2d 407, an action was brought to recover personal injuries when plaintiff fell on a stairway in

defendant's home. It was said in that case at page 220:
'Plaintiff also complained because she was not allowed
to introduce testimony that defendant painted the
landing white after her accident. The fact that defen-
dant painted the landing after the accident is not ad-
missible in evidence as an admission of liability. Such
testimony would be immaterial, because such action by
defendant could not affect his liability at the time of
the accident. [Citing cases.]' " *Id.* at 107-08.

Obviously the language in neither case goes any further than
the question of the admissibility of the evidence to show an ad-
mission of liability. The rule to be applied here was stated in
*American Paving & Contracting Co. v. Davis,* 127 Md. 477, 96
A. 623 (1916), where sparks from a steam shovel set fire to the
plaintiff's house. Judge Thomas, for the Court, said:

"* * * that one of the plaintiff's neighbors had to
use a hose to wet his house in order to prevent it from
catching fire, and that when, a few days after the fire,
the defendant's servants put a wire hood or screen over
the smokestack, the sparks were very much smaller.
Under the rulings in *Gantt's Case, supra* [*Annapolis
& Elkridge R. R. Co. v. Gantt,* 39 Md. 115, 135] and
*Ryan v. Gross, supra* [*Ryan v. Gross,* 68 Md. 377],
this evidence was clearly admissible, not only for the
purpose of showing that the fire was caused by the
sparks from the steam shovel, but also as tending to
show negligence on the part of the defendant. The mere
fact that the defendant or its servants after the fire put
a wire hood or screen over the smokestack would not
be admissible for the purpose of establishing an admis-
sion of liability by the defendant (*Ziehm v. United
Electric, etc., Co.,* 104 Md. 48; *Columbia & P. S. R.
Co. v. Hawthorne,* 144 U.S. 202), but evidence of the
effect of the screen was admissible as reflecting upon
the question whether the defendant had exercised
proper care and caution to avoid injury to the plain-
tiff's property." *Id.* at 483-84.

To the same effect *see Cordish v. Bloom,* 138 Md. 81, 113 A.

578 (1921); *Becker Pretzel Bakeries, Inc. v. Universal Oven Co.,* 279 F. Supp. 893 (D. Md. 1968); and *Jennings v. United States,* 207 F. Supp. 143, *aff'd* 318 F. 2d 718 (4th Cir. 1963).

## II.

Appellant offered in evidence Penney's answer to Interrogatory No. 4, Penney's objection to which was sustained. The interrogatory and the answer thereto are as follows:

> "4. State whether any persons prior to February 15, 1965, complained or notified the defendant that they had difficulty with the door or adjacent glass panels because of inability to appreciate that the door or adjacent glass panels was [sic] there."

> "A. This question is objected to but without prejudice to such objection we do have information involving a customer who complained of walking into either a panel or door several years ago. We do not know the circumstances of this incident thus we cannot say how this came about."

That the interrogatory and the answer thereto were improperly excluded does not require extended discussion. Maryland Rule 413, made applicable to interrogatories by Rule 417 f, provides as follows:

> "Rule 413. Use of Deposition
> "a. *When May be used.*
> "At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any one of the following provisions:
> * * *
> "2. By Adverse Party.
> "The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose."

Since Penney is a party the answer is admissible "for any purpose." except to the extent the rules of evidence make it inadmissible. We think the rule of *Locke, Inc. v. Sonnenleiter,* 208 Md. 443, 118 A. 2d 509 (1955), is controlling. Judge Hammond (now Chief Judge) said, for the Court, in that case:

> "The rule followed by the majority of the cases is that if the evidence as to past accidents, tendencies or defects is sufficiently relevant and illuminating because there is similarity of time, place and circumstance, it will be admissible — not as direct evidence of negligence but to show the existence of a danger or defect in the character of a place, method or appliance and to show knowledge or notice of the danger or defect on the part of the defendant, unless, in its discretion, the trial court believes it will cause an unfair surprise or confusion by raising collateral issues. *Wigmore on Evidence,* Third Ed., Vol. 2, Sec. 443-444, 252, 451, 458; *McCormick on Evidence,* Sec. 167; 65 C.J.S., *Negligence,* Sec. 234; 128 A.L.R. 595. In *Sears, Roebuck & Co. v. Copeland,* C.C.A. 4, 110 F. 2d 947, evidence of a prior accident on faulty steps was held proper. Judge Soper said for the Court that the general rule is '* * * that evidence of this kind is relevant if it relates to an occurrence which happened under substantially the same conditions, at substantially the same place as the accident in suit, and at a time not too remote therefrom. * * * [Citing cases]. Such evidence tends to show the dangerous qualities of the thing or place, and knowledge of these qualities on the part of the owner or possessor.' " *Id.* at 447-48.
>
> * * *
>
> "In our opinion the rule makes evidence of prior accidents or defects admissible, not only to show notice but as bearing on the dangerous nature or tendency of the place or appliance involved in the current accident." *Id.* at 451.

*Accord: Stein v. Overlook Joint Venture,* 246 Md. 75, 227 A. 2d 226 (1967); *DiPangrazio v. Salamonsen,* 64 Wash. 2d 720, 393 P. 2d 936 (1964).

Mr. Justice Traynor (now Chief Justice), in *Laird v. T. W. Mather, Inc.*, 331 P. 2d 617 (Cal. 1958), has provided us with an apposite refinement of the rule stated in *Locke, Inc.*

"Before evidence of previous injuries may be admitted on the issue of whether or not the condition as it existed was in fact a dangerous one, it must first be shown that the conditions under which the alleged previous accidents occurred were the same or substantially similar to the one in question. *Martindale v. Atchison, T. & S. F. Ry. Co.*, 89 Cal. App. 2d 400, 411, 201 P. 2d 48; see Wigmore, *Evidence* § 458; McCormick, *Evidence* 351-352. The strictness of this requirement of similarity of conditions is 'much relaxed,' however, when the purpose of the offered evidence is to show notice, 'since all that is required here is that the previous injury should be such as to attract the defendant's attention to the dangerous situation which resulted in the litigated accident.' McCormick, *Evidence* 352; see also *McCormick v. Great Western Power Co.*, 214 Cal. 658, 665-666, 8 P. 2d 145; 81 A.L.R. 678; *Gilbert v. Pessin Grocery Co.*, 132 Cal. App. 2d 212, 217-221, 282 P. 2d 148. In the present case it was incumbent upon plaintiff to prove not only that the stairway was dangerous but that the defendant knew or should have known that it was. Mr. Falk's testimony was offered solely to show such notice. The import of that testimony was that Mr. Kalik had been informed that someone had slipped on the stairs and that extensions should be installed on the handrail. If believed, the testimony would support a finding that defendant was aware that the handrail presented a hazard to the users of the stairway. It was therefore relevant and admissible, not to show that someone actually fell, but to show defendant's knowledge of the dangerous condition of the stairway." *Id.* at 623.

### III.

Appellant produced Irving R. Gordon as a witness and sought to elicit from him the details of his "difficulty with the glass

panels." Penney's objection thereto having been sustained, appellant offered to show that Gordon would testify that in October 1965 he walked into the same glass panel, that he sustained a "bump on the forehead," but that he suffered no resulting disability and therefore made no claim against Penney. Gordon's testimony, it is true, would not have been evidence of notice to Penney of the existence of an inherently hazardous condition. The answer to the interrogatory provides the jury with evidence of notice that a customer had "complained" of walking into either a door or a panel. At that time, a jury could find, Penney ought to have realized that a potentially hazardous situation existed and that a customer might not discover it in time to avoid injury. *Evans v. Hot Shoppes, Inc.,* 223 Md. 235, 239, 164 A. 2d 273 (1960). Whether an owner had knowledge or notice of the defective or dangerous condition of its premises is generally for the jury to decide. *Stein v. Overlook Joint Venture, supra.* Gordon could have provided evidence of the fact that the glass panel was indeed inherently dangerous. We think he should have been permitted to give the proffered testimony.

## IV.

We do not think the facts in the case at bar are so unlike the facts in *Stein v. Overlook, supra,* that our holding there cannot be considered as controlling here. It is true that in *Stein* there was somewhat more evidence in the matter of notice. The evidence of notice here is, to be sure, a little on the thin side but, assuming it had been admitted, we think it was enough to go to the jury. In *Stein* the landlord, having made a practice of putting decals on the glass panels, failed to replace the decals when the panel (broken before Stein's accident) was replaced, from which, we said, negligence could be inferred. It would seem to follow that negligence can as easily be inferred from a failure to place decals after notice as it can from a failure to replace them whenever a panel is broken.

Whether appellant was contributorily negligent was raised only indirectly. In any case it requires no consideration on our part because, on this record, it is obviously a jury question. *Stein, supra.*

It is clear from what we have said in this opinion that the judgment of the trial court must be reversed and the case remanded for a new trial.

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by appellee.*