**Roxanne H. BRANT, Appellant,**

v.

**ROBINSON INVESTMENT COMPANY,**
a corporation, Appellee.

No. 14416.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 11, 1970.

Decided Jan. 18, 1971.

Don Davis, Charlotte, N. C., for appellant.

John G. Golding, Charlotte, N. C. (Carpenter, Golding, Crews & Meekins, Charlotte, N. C., on brief), for appellee.

Before MURRAH, Senior Circuit Judge,[*] and BOREMAN and WINTER, Circuit Judges.

BOREMAN, Circuit Judge:

In this diversity action appellant, Roxanne Brant, (hereafter plaintiff) seeks to recover damages from Robinson Investment Company (hereafter defendant) for personal injuries sustained by her in the defendant's business building. Defendant moved for summary judgment which motion was considered by the district court on the pleadings, interrogatories and answers thereto, and affidavits. The court granted defendant's motion, holding that plaintiff was guilty of contributory negligence as a matter of law "in failing to see what she should have seen, and to be guided accordingly." Plaintiff appeals.

Certain salient facts appear to be undisputed and may be stated briefly. Plaintiff, a college student, was visiting her friend, Mrs. Williams, in Charlotte, North Carolina, who was considering opening a book store and was looking for adequate space. As plaintiff and Mrs. Williams drove by they observed a real estate agent's "For Lease" sign displayed on the front of defendant's building. They parked in a lot behind the building, Mrs. Williams remaining in the car. The plaintiff entered the building through a rear door, walked through the offices tenanted by International Harvester Credit Corporation on the ground floor and spoke to International's receptionist concerning possible inspection of vacant rooms on the second floor. The receptionist showed plaintiff how to get to the stairway leading to the rooms above. Following directions, plaintiff went out the front door of In-

[*] Of the Tenth Circuit sitting by designation.

ternational's offices and into the common glass-enclosed lobby which fronted on the street, turned to her left, went through a swinging glass door between the common lobby and stairway lobby, turned left again and ascended the stairs.

After looking around plaintiff came down the stairs, reached the bottom step and, after a momentary pause, instead of turning right and retracing her steps from the stairway lobby through the swinging plate-glass door she had used only a short time before, bore to her left toward the outside double doors which were visible to her and which led from the main lobby to the street. Unfortunately, she walked into a panel of clear plate glass which formed a partition between the outside and stairway lobbies. The glass panel shattered upon impact and plaintiff sustained cuts.

All the swinging glass doors had metal push bars across them at about elbow height. Each glass panel and door had a metal sash or baseboard extending four or five inches in height above the floor to support the bottom edge of the glass. A metal mail slot about five inches high and twelve or more inches long was located just above the baseboard in the panel into which plaintiff walked and immediately beside the glass paneled door through which plaintiff had entered the stairway lobby. The shattered panel was described as invisible, completely transparent with no warning markings or decals, and there was nothing in front of it as a warning to direct plaintiff away from it.

Both parties present arguments concerning plaintiff's status in the defendant's building at the time she was injured. Plaintiff claims that she was a business invitee while defendant claims she was "at best a licensee or trespasser." The court made no finding on this point and its grant of summary judgment in favor of the defendant was not based upon any finding in this particular. Thus, no issue as to plaintiff's status is before us in reviewing the district court's holding that plaintiff's contributory negligence was such as to defeat her right of recovery. In the present posture of the case and in light of the summary judgment against plaintiff we assume, without deciding, that she was a business invitee and that it was the defendant's duty to use due and reasonable care to provide for her safety and to warn her of any latent dangers.

The real issue before us is whether the court erred in holding, as a matter of law, that the plaintiff's contributory negligence barred her recovery. In opposition to the motion for summary judgment plaintiff tendered an affidavit of the Building Inspector of the City of Charlotte who had had years of experience in the glass business, in the sales of glass to the commercial construction industry, and in supervising the installation of glass panels and doors in commercial buildings. Affiant stated that standard and safe practices require, in business buildings, the use of safety glass which may be subject to accidental human impact for the reason that broken safety glass does not evacuate the opening upon impact but, if it does, there are no dangerous dagger-like spears; that if ordinary plate glass is used, standard and safe practices require that it have a horizontal structural divider; that clear plate glass used as panels in a commercial building creates the illusion of "open space" and is intended to produce a desired esthetic effect; and that the transparent plate glass panel which injured plaintiff did not meet standard and safe requirements.

The parties have directed our attention to numerous state court decisions, none, however, from North Carolina, in an effort to persuade us that a plaintiff may or may not be held guilty of contributory negligence as a matter of law when injured by coming in contact with a plate glass panel. Obviously, the parties ignore the established rule in this circuit that the sufficiency of the evidence to escape or avoid a directed

verdict and to take the case to the jury is to be determined by federal standards in a diversity action. Wratchford v. S. J. Groves & Sons Company, 405 F.2d 1061, 1064–1065 (4 Cir.1969); Summers v. Watkins Motor Lines, 323 F.2d 120, 123 (4 Cir.1963); McSweeney v. Prudential Ins. Co. of America, 128 F.2d 660, 664 (4 Cir.1942); Crockett v. United States, 116 F.2d 646, 650 (4 Cir. 1940); Gorham v. Mutual Ben. Health & Accident Ass'n, 114 F.2d 97, 99 (4 Cir.1940).

 It is for this court to determine whether the evidence was sufficient, under applicable federal standards, to take the issues as to plaintiff's contributory negligence and the defendant's negligence to the jury.

In Nuckoles v. F. W. Woolworth Company, 372 F.2d 286, 289 (4 Cir.1967), this court observed:

"Since then [the time of the decision in Pokora v. Wabash Ry. Co., 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149 (1933)], the so-called Holmes view— that standards of conduct ought increasingly to be fixed by the court for the sake of certainty—has been largely rejected. [Citation omitted.] The tendency has been away from fixed standards and towards enlarging the sphere of the jury."

We take judicial notice of an apparent nationwide trend in recent years toward permitting the question of contributory negligence in plate glass injury cases to go to the jury; e.g., Jiffy Markets, Inc. v. Vogel, 340 F.2d 495, 499 (8 Cir. 1965); Blanco v. J. C. Penney Company, 251 Md. 707, 714, 248 A.2d 645, 649–650 (1968); Jaillet v. Godfried Home Bakeries, Inc., 354 Mass. 267, 236 N.E.2d 924, 925–926 (1968); National Bank of Alaska v. McHugh, 416 P.2d 239, 244 (Alaska 1966).

Under the facts here presented and in light of the affidavit of the Building Inspector which provided support for plaintiff's claim that the use of unmarked nonsafety plate glass is extremely hazardous, we conclude that the evidence was sufficient to warrant submission to the jury of the issues of defendant's negligence and plaintiff's contributory negligence under proper instructions from the court.

The order granting summary judgment will be reversed and the case remanded for trial.

Reversed and remanded.