*Municipal Court of the*
*City of Boston*
No. T-26999

## BERNHARDT S. LEVITAN
### v.
## ISAAC ZACEPITSKY, ET ALS d/b/a

Argued: Oct. 6, 1972 - Decided: Oct. 19, 1972

*Present:* Adlow, C.J., Gillen, Morrissey, JJ.
Case tried to *DeGuglielmo, J.*

**Adlow, C.J.** Action of tort to recover damages for injuries allegedly sustained on June 2, 1969, on defendants' premises located at 118 Newbury Street, Boston.

There was evidence at the trial tending to show that on June 2, 1969 the plaintiff entered the defendant's building to do an errand for John Murray which consisted of informing a tenant in the building that he could not be reached by telephone. The portion of the premises where the accident occurred was a common area and was located near the street floor entrance which consisted of two glass doors and glass panels between which was a foyer or entryway. Beyond the second set of doors, as one proceeds into the building, was a set of stairs to the left and a corridor straight ahead. The plaintiff, following a group of people, proceeded down the corridor to the elevator which he took to the third floor where he visited the tenant, Peppino by name. Following this, the plaintiff walked down the stairs and proceeded straight ahead for a distance of 7 feet into the clear glass partition, which he did not notice, and thereby sustained injuries. The light in the entryway at the foot of the stairs was not operating and the weather was clear and sunny.

There was no evidence as to the existence or condition of the glass partition at the time of the commencement of the tenancy of Peppino, nor of any change in the condition of the said glass partition from the commencement of the said tenancy until the time of the accident.

At the close of the evidence the defendant filed requests for rulings which the court denied and found for the plaintiff. Being aggrieved

by the rulings, which we shall presently consider, the defendant brings this report.

It is claimed by the defendants that there is no evidence in the report concerning the condition of the premises where the accident occurred at the time of the renting to the occupant in whose interest the plaintiff visited the building. On the basis of this failure of proof the defendant insists that the evidence does not warrant a finding for the plaintiff.

At the outset it may be noted that the owners of the premises are not insurers of the safety of visitors to the property. Their duty extends only to exercise reasonable care for their protection. There is no liability for harm resulting from a dangerous condition of which he is not aware and which a reasonable inspection would not have disclosed. *Downing* v. *Jordan Marsh Co.*, 234 Mass. 159.

Where approaches and common passageways remain in control of landlord, the responsibility for their care remains on him. He is under the duty to exercise reasonable care to inspect and repair such part of premises for the safety of his lessees. *Gillard* v. *Maynes*, 216 Mass. 581.

To these general observations there is an exception — there is no liability upon the landlord, either to the tenant or to others entering on the land, for defective conditions existing at the time of the creation of the leasehold or tenancy. *Roche* v. *Sawyer*, 176 Mass. 71. But

this exeception has been whittled down by a variety of limitations. He will be liable to his lessee for the consequences of the existence of a concealed dangerous condition of which he was aware, or which by the use of reasonable care he might have discovered. *Cutter* v. *Hamlen*, 147 Mass. 471.

While there may be situations where the plaintiff's right to recover is contingent upon proof of a deterioration of the premises resulting in the creation of a dangerous condition, situations may arise where due to the landlord's undertaking to improve his property, the premises are better than they were at the time of the letting. Notwithstanding the improvement, the change may result in a serious danger. In a case where a landlord failed to replace the cover of a cesspool which he had gratuitously undertaken to clean, with resultant injury to the plaintiff, the landlord was held liable for his negligence. *Riley* v. *Lissner*, 160 Mass. 330. In this case the cleaning of the cesspool represented an improvement of the condition of the area over its previous condition. If a dangerous condition emerged from the change, the rights of the victim were vindicated on tort principles. The condition at the time of the creation of the tenancy was immaterial.

In the cause under review the owners, in the exercise of their managerial judgment, procured the windows to be cleaned with the, result

that a dangerous condition came into being. The danger derived from a combination of circumstances which those acting for the defendants should have recognized and corrected. Failing this the owners became liable for their negligence. *Jaillet* v. *Godfried Home Bakeries,* 354 Mass. 267, 269.

While we concede that there was a duty on the owners to maintain the premises in their condition as of the day of the letting, *Swartz* v. *Fineberg,* 306 Mass. 331, if the evidence were produced in court to show that the conditions of the premises were structurally the same on the day of the accident, it would little avail the defense. The condition of the window in issue resulted in the existence of an invisible glass wall which was a distinct hazard endangering persons using the exit where this glass panel was located. This condition was a transitory one which varied with the light conditions. Similarly landlords have been held liable where a trap door was left open, where a grease pit was left unguarded, or where no notice was given that floors were newly washed and had not dried. *Kent* v. *Todd,* 144 Mass. 478 (Trap door). *Harvey* v. *Crane,* 238 Mass. 571 (Trap door). *Judson* v. *American Ry. Express,* 242 Mass. 269 (Unguarded wet floor). *Kelly* v. *Goldberg,* 288 Mass. 79 (Open grease pit).

In all these transitory conditions recovery was allowed despite the fact that the condition

of the premises structurally had not changed. Under these circumstances the evidence concerning the condition at the time of the letting became immaterial to the issues.

The court refused to rule at the request of the defendant that on all the evidence a finding for the plaintiff was not warranted. While it is true that recovery has been denied in cases involving glass doors, *Rosenberg* v. *Hartman,* 313 Mass. 54. *Flynn* v. *F. W. Woolworth Co.,* 338 Mass. 789. *Valunas* v. *J. J. Newbury Co., Inc.,* 336 Mass. 305, we cannot ignore the most recent decision which distinguishes the facts and sustains a finding for the plaintiff in *Jaillet* v. *Godfried Home Bakeries, Inc.,* 354 Mass. 267.

There was no error. **Report dismissed.**

EDWARD J. MURRAY of Arlington
    for the Plaintiff
PHILIP W. RILEY of Boston
    for the Defendant