STEPHEN L. MADEY, JR., et al., Respondents, v. GRAY DRUG STORES, INC., OF AMHERST, Appellant, and FOREST CITY ENTERPRISES, Defendant.

STEPHEN L. MADEY, JR., et al., Plaintiffs, v. GRAY DRUG STORES, INC., OF AMHERST, Appellant, and FOREST CITY ENTERPRISES, Respondent.

Fourth Department, January 18, 1973.

*Adams, Brown, Starrett & Maloney* (*Robert J. Connelly* of counsel), for Gray Drug Stores, Inc. of Amherst, appellant.

*Moot, Sprague, Marcy, Landy, Fernbach & Smythe* (*Richard F. Griffin* of counsel), for Stephen L. Madey, Jr., and another, respondents.

*Boniello, Gellman, Anton, Brydges & Conti* (*Earl W. Brydges, Jr.,* of counsel), for Forest City Enterprises, respondent.

CARDAMONE, J. Stephen L. Madey, Jr., the 18-year-old plaintiff, was injured at about 9:00 P.M. on June 22, 1966 when he walked at a fast pace or jogged through a plate glass door of the defendant Gray Drug Stores, Inc. (Gray Drugs).

The entrance to Gray Drugs in the Boulevard Mall Shopping Center is on the right, entering from the parking lot. This enclosed shopping mall located in the Town of Amherst, New York, has stores on either side of a 27-foot wide corridor. The public telephones are located directly across the corridor (on the left wall entering) from Gray Drugs.

The plaintiff testified that he entered the store, purchased a pen and obtained some change for a long distance phone call. While placing the call he discovered that he had insufficient change and went back to Gray Drugs for more. When the call had been completed, he was advised by the operator that there was an additional charge. He testified that he then "turned around, looked at the drug store, and there were people inside. The lights were on. There were still people at the counter where I had just gotten change from. So I just in the manner as I had gone in before * * * hurried in to get the rest of the change * * * while the operator was waiting for me on the line. * * * I am looking at the lady at the counter, walking in to get change, and, ' crash '. I didn't see the glass at all. There was no marking on it."

The sliding glass door, which apparently had been closed just prior to the accident, was eight to ten feet wide and framed in a metal moulding on the bottom and sides. The plaintiff stated that he had been to Gray Drugs on at least one occasion prior to the date of the accident, but had never been there when the entrance doors were closed.

Gray Drugs occupied the premises as a tenant of Forest City Enterprises (Forest City), the owner of the Mall, under a lease which contained an express warranty that the premises would be " suitable and fit for the purposes for which they are to be used and occupied by tenants." Plaintiff sued both Gray Drugs

and Forest City. Gray Drugs cross-claimed against the owner on the ground that if it was found negligent, it should be indemnified by the owner under this express warranty.

The jury returned a verdict in favor of the plaintiff against Gray Drugs in the amount of $10,000 and of no cause of action in favor of Forest City Enterprises against the plaintiff. The trial court thereupon dismissed Gray Drugs' cross claim against Forest City. Gray Drugs appeals the adverse jury verdict and the dismissal of its cross claim.

The law with respect to damages caused to persons walking into glass doors seems to turn on a close analysis of the facts in each individual case. In *Shannon* v. *Broadway & 41st St. Corp.* (272 App. Div. 1029, affd. 298 N. Y. 589) the plaintiff walked against a plate glass window in defendant's restaurant at Broadway and 41st Street in New York City. The windows could be lowered into the basement, and during the summer when it was lowered the window space was used as a means of ingress and egress. Plaintiff, accustomed to this use and believing the passage unobstructed, was injured when the glass window panel was raised into place without warning of its presence. The court upheld a jury verdict in favor of plaintiff, stating that " The jury was free to find that the passageway, partitioned by the glass, had been used freely, prior to the accident as an entrance and an exit during the summer, and that the glass was not made visible by posters or any other device to one using the passageway " (*Shannon* v. *Broadway & 41st St. Corp.*, 272 App. Div. 1029). Similarly, a plaintiff's verdict was sustained and the court held that whether plaintiff was contributorily negligent was properly for the jury where the defendant created an " illusion of space " (*Grabel* v. *Handro Co.*, 161 N. Y. S. 2d 998, 999). The facts here are readily distinguishable from *Cooper* v. *Scharf* (11 A D 2d 101) where this court reversed a jury verdict in favor of a plaintiff who walked through a lighted hotel lobby into a glass door leading into a shop. The door consisted of two glass panels six feet wide. The panel on the left had the name of the shop lettered on it, both door panels were set in metal casements on all sides, and a metal guard or push rail ran horizontally across the middle of the door. The court properly found no element of reliance and inducement under these circumstances, nor indeed any basis for submitting the question of negligence to a jury.

In *Shannon* as in the instant case there was reliance on the passageway being unobstructed and appropriate to use as a means of ingress and egress. Such reliance was caused by

defendant's actions and induced plaintiff to continue to use the indicated passageway. The proof here further shows that defendant, Gray Drugs, blocked the means of ingress with a transparent, unmarked glass panel. Whether this gave an illusion of unobstructed space so that a reasonable man might fail to note the existence of the glass door presented questions of fact for the jury. Under similar circumstances, a sister jurisdiction has concluded that such facts present a jury question (*Jaillet* v. *Godfried Home Bakeries*, 354 Mass. 267).

In brief, we conclude that where there is no induced reliance or illusion of space, recovery should be denied (*Cooper* v. *Scharf*, *supra*). But where the facts reveal that after it has caused the plaintiff to rely upon the existence of an open passageway, the defendant closes that passageway without any warning and by the same act creates an illusion that the passageway is still open and unobstructed, then, we conclude that a question has been raised which requires a jury determination. Having concluded that the facts in this case were properly submitted to the jury, we find no reason to disturb its verdict (*Shannon* v. *Broadway & 41st St. Corp.*, 272 App. Div. 1029, affd. 298 N. Y. 589, *supra*).

Finally, there was no evidence of any defect in the construction of the entrance door or the premises sufficient to bring Gray Drugs within the protection of the Forest City warranty. Rather, it seems reasonable to conclude that the jury found that Gray Drugs could easily have placed marking, lettering, decals, push rail, door knobs, door handles, masking tape, posters, signs or otherwise marked the glass door to warn plaintiff of its existence and that the injuries and damages suffered by the plaintiff came about as a result of its failure to do so.

The judgments should be affirmed.

DEL VECCHIO, J. P., MARSH, WITMER and MOULE, JJ., concur.

Judgments unanimously affirmed, with costs.