LUCAS BRUYNINGA, APPELLANT, V. GARY NUSS, DOING
BUSINESS AS NUSS CONOCO, APPELLEE.

346 N.W.2d 245

Filed March 23, 1984. No. 82-617.

Mary Morgan Cote of Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellant.

Alan L. Plessman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an action for damages for personal injuries sustained when the plaintiff collided with a glass panel adjacent to a glass door at the defendant's service station. The plaintiff has appealed from a grant of summary judgment in favor of the defendant.

We affirm.

Summary judgment is appropriate where the mov-

ing party establishes that there exists no genuine issue of material fact in the case and that under the facts he is entitled to a judgment as a matter of law. *Gitschel v. Sauer*, 212 Neb. 454, 323 N.W.2d 93 (1982).

Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. In considering a motion for summary judgment the court views the evidence in the light most favorable to the party against whom it is directed, giving him the benefit of all favorable inferences that may reasonably be drawn therefrom. *Gitschel v. Sauer, supra.*

The defendant, Gary Nuss, and his wife are the owners and operators of Nuss Conoco, a service station which is located just north of Interstate 80 at the Aurora, Nebraska, exit. In addition to the sale of gasoline they do mechanical work and sell automobile chemicals and food. The front of the service station is constructed of glass and consists of a glass door surrounded by several wider glass panels. Some of the glass panels have a horizontal metal bar across the center; however, the panels adjacent to the door do not have such bars. A 5-inch concrete footing is located at the base of each window.

On the day of the accident the plaintiff, Lucas Bruyninga, was en route from California to Michigan. He stopped at the defendant's service station and filled his van with gas. He walked into the station through the front door, which was open toward the inside of the station at approximately a 90° angle. According to the deposition of Kay Nuss, the door was propped open with a large bucket. The plaintiff walked to the counter at the back of the store and paid for the gas. He turned and started toward the doorway, but stopped in front of the candy and chips display, which was located to the right of the path leading from the counter to the doorway. He again proceeded toward the front door. However, he walked to the wrong side of the open door

and collided with the clear glass panel located adjacent to the actual doorway. The panel shattered, and Mr. Bruyninga suffered an injury to his leg.

There is no dispute as to the status of the plaintiff as a business invitee while on the defendant's premises. The duty owed by the owner of premises to his invitees is well established in this state. While the owner of premises owes the duty to an invitee to exercise ordinary care to have the premises in a reasonably safe condition for use consonant with the purposes of the invitation, generally, there is no duty on the part of an invitor owner to protect the invitee against hazards which are known to the invitee or are so apparent that he may reasonably be expected to discover them and protect himself. *Whitcomb v. State Fed. Sav. & Loan Assn.*, 190 Neb. 26, 205 N.W.2d 652 (1973).

Generally, an invitee, who has knowledge of a dangerous condition on the premises or where the dangerous condition is obvious, is negligent as a matter of law if he fails to use reasonable care to avoid injury. *Tichenor v. Lohaus*, 212 Neb. 218, 322 N.W.2d 629 (1982).

Nebraska law in this area is in accord with the Restatement (Second) of Torts § 343 A (1965). See, *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983); *Tichenor v. Lohaus, supra.* Comment *e.* to § 343 A of the Restatement points out that reasonable care on the part of the possessor does not ordinarily require precautions, or even warning, against dangers which are known or obvious to the invitee. The example used to illustrate that principle is a situation where a customer mistakes a plate glass door for an open doorway, and the owner is not liable.

Clearly, § 343 A applies to this case. The evidence indicates that there was a visible difference between the doorway and the adjacent pane of glass which the plaintiff hit. At the base of the glass pane, and not present at the doorway, was a 5-inch-high con-

crete footing which raised the panel off the floor. The doorway was narrower, and there was a transom above the actual opening. A bucket was placed in such a position as to prop the door open. One additional fact indicating a lack of reasonable care is that the plaintiff had entered the building through the opening only moments before, without any difficulty, and was unable to retrace his steps back through the open doorway. Had the plaintiff exercised reasonable care and watched where he was walking, the accident would not have occurred. Many jurisdictions deny recovery in cases such as this on the basis that any danger in a glass door arrangement consisting of a glass door and glass panel side-by-side is open and obvious and that the plaintiff is contributorily negligent as a matter of law. See, *Brown v. Alabama Foods, Inc.*, 190 A.2d 257 (D.C. 1963); *Dukek v. Farwell, Ozmun, Kirk & Co.*, 248 Minn. 374, 80 N.W.2d 53 (1956); *Acme Laundry Company v. Ford*, 284 S.W.2d 745 (Tex. Civ. App. 1955); *Presbyterian School v. Clark*, 205 Va. 153, 135 S.E.2d 832 (1964); *Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn. 1980).

While there are jurisdictions which allow recovery in this type of case, we are persuaded that in this instance the plaintiff's failure to see what was there to be seen constitutes contributory negligence sufficient to bar recovery as a matter of law.

AFFIRMED.

WHITE, J., dissenting.

I disagree with the majority holding that an individual who mistakes a glass panel for an open space, and is injured as a result, is contributorily negligent as a matter of law.

In tort cases of the kind where reasonable minds may differ as to whether an inference of negligence or contributory negligence is to be drawn from a given set of facts, summary judgment can have no application. *Pfeifer v. Pfeifer*, 195 Neb. 369, 238 N.W.2d 451 (1976).

While this court has not had occasion to review a plate glass collision case before, many jurisdictions have. In a great many instances the plaintiff has succeeded not only in having his cause submitted to the jury but in securing a judgment. The case which is perhaps most similar to the present case is *Scott v. Mercer Steel/Edwards Realty*, 263 Or. 464, 503 P.2d 1242 (1972). In that case a woman entered a realty office through an open doorway and went to the rear of the room to examine some maps. She turned to leave, saw the open door in its propped-open position adjacent to a glass panel, and assumed the glass panel was the doorway. She collided with the glass panel and suffered an injury to her leg. The jury awarded her damages, despite the existence of a ledge at the base of the window, as was present here, and despite the fact that she had entered the room through that same open doorway only moments before. On appeal the owner of the premises argued the same principles which the majority in this case has set forth. The Supreme Court of Oregon rejected the argument, and found that there was evidence from which the jury could properly find that the unmarked glass panel created a deceptive appearance involving an unreasonable risk of harm so as to impose liability on the owner.

There are several other jurisdictions which have pointed out that the question of the injured plaintiff's negligence in these types of cases cannot be determined as a matter of law. I find these authorities much more persuasive. See, *National Bank of Alaska v. McHugh*, 416 P.2d 239 (Alaska 1966); *Jaillet v. Godfried Home Bakeries, Inc.*, 354 Mass. 267, 236 N.E.2d 924 (1968); *Grabel v. Handro Co.*, 161 N.Y.S.2d 998 (City Ct. of N.Y. 1955); *Escribano v. Luby Chevrolet, Inc.*, 181 So. 2d 748 (Fla. App. 1966); *Blanco v. J. C. Penney Co.*, 251 Md. 707, 248 A.2d 645 (1968); *Perry v. Eastgreen Realty Co.*, 53 Ohio St. 2d 51, 372 N.E.2d 335 (1978).

The fact that so many cases result in judgments in

favor of the injured plaintiff indicates that reasonable minds can and do differ as to whether an individual is negligent or contributorily negligent in these types of cases. The transparency of glass can deceive even the most prudent person. As such, the issue is one which, in my opinion, cannot be determined as a matter of law. Summary judgment was not appropriate, and I would reverse.

KRIVOSHA, C.J., joins in this dissent.